72 So.2d 412

**CLAYBROOKE v. BENTLY.**

8 Div. 662.

Supreme Court of Alabama.

March 25, 1954.

Rehearing Denied May 13, 1954.

Clark E. Johnson, Jr., H. H. Conway, Albertville, for appellee.

Marion F. ·Lusk, Guntersville, for appellant.

PER CURIAM.

This is a suit in which appellee, as administratrix of the estate of her husband Jesse Bently, obtained a judgment against appellant for negligently causing· the death of her intestate.

Jesse was an employee of one Hagood ·who had a contract with appellant to haul cotton seed from his gin. The gin house was situated thirty or forty feet north of ·appellant's warehouse. There was a ramp extending from a door of the gin house to a door of the warehouse, over which ramp cotton was rolled into the warehouse. .The seed house door was .on the west of the space between the gin and warehouse. To reach the seed house it was necessary to pass along that space; and to load the truck it was necessary to back it to the seed house door. The ramp or platform between the buildings was in three sections. The one next to the gin was not movable; while a section ten feet wide was movable by standing it on edge toward the side of the gin, and the remaining portion eight feet wide was lifted up by hand to ·stand on edge in front of the warehouse door.

It rested on a rock or block foundation and had two legs on which the inside edge rested, and when it was lifted those legs stuck out eighteen to twenty-four inches toward the gin house. It was sometimes held in position by a wire wrapped around a nail or sometimes by a man. It weighed about two hundred and fifty pounds and was raised on the occasion in question by Jesse and the truck driver Jones. Instead of fastening it with the wire Jesse stood in the warehouse door and held it. It did not completely fill the open space, but a man could squeeze through it. Jesse was there to direct the backing of the truck. The truck had a fourteen foot tractor and a thirty foot trailer which was not housed in but had slat siding. The driver, who was an experienced truck driver, could not see the rear of the movement except on the left side as he backed the truck. He backed the truck and Jesse told him it was too close to the warehouse and he was to pull it out and make another start back. As he pulled it out the truck caught the upturned ramp, possibly the protruding legs, and pulled it forward toward the east, which closed the space between the ramp and the door "jamb" and caught Jesse's head in the opening and mashed it causing his death.

The suit was against appellant and Hagood. The court gave the general charge for Hagood, but refused it for appellant. The complaint ascribed to appellant the failure to exercise due care to provide a reasonably safe place in which Jesse as an invitee was expected to work for Hagood who was an independent contractor. The court gave to the jury, at the request of the appellant, the following charge E:

"I charge you, gentlemen, that the duty resting on Mr. Claybrooke to keep his premises safe for invitees applied to defects or conditions in the nature of hidden dangers, traps, snares, pitfalls and the like, such as would not be known to the invitee and would not be observed by him in the exercise of ordinary care. I charge you that an invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the defendant Claybrooke was under no duty to reconstruct or alter his premises so as to do away with known or obvious dangers, and he cannot be held liable for the death of plaintiff's intestate if the death resulted from a danger which was obvious or should have been observed in the exercise of reasonable care."

Appellant contends that the law was correctly stated in charge E, supra, and that the evidence, without dispute or conflicting inference, supported it, and that the court erroneously refused to give the affirmative charge. The charge (E, supra) was apparently copied from the opinion in Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388, and the principle is well supported.—65 C.J.S., Negligence, § 50, page 541, et seq.

Jesse had worked at the gin long enough to be familiar with the exact status of the locus in question. If it was not a reasonably safe place in which Jesse was employed, he knew it as well as anybody else. He had been working there about six months, and its condition was open to his view, and the ramp was raised and lowered by him, so that he could not claim to be ignorant of its danger if it was a danger.

Of course the operation of such a truck is dangerous and difficult. Jesse knew what it was doing and his business at the moment was to watch it and signal the driver of any condition which he should correct. He did signal him, and the truck was pulling out and came in contact with some part of the ramp which Jesse was holding. There was no hidden danger. It was a known and obvious danger, of which Jesse knew or should have known. Defendant could assume that he would observe it and guard against it. The affirmative charge requested by defendant should have been given, and its refusal was error to reverse.

The judgment should therefore be reversed and the cause remanded.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request

of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.