Columbus GREEN, Appellant,

v.

REYNOLDS METALS COMPANY,
Appellee.

No. 20908.

United States Court of Appeals
Fifth Circuit.

Feb. 27, 1964.

Gorman R. Jones, Jr., Sheffield, Ala., Leo Berryman Jr., Tuscumbia, Ala., for appellant.

Clopper Almon, Vincent McAlister, Sheffield, Ala., for appellee.

Before BROWN and WISDOM, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

In this diversity action, the case having been removed to the District Court from the Circuit Court of Colbert County, Alabama, the appellant Green claimed damages for personal injuries against Reynolds Metals Company, such injuries having been sustained by Green while in the employment of the A. Nabakowski Company, an independent contractor to the Reynolds Company for the purpose of repairing and replacing the roof on one of Reynolds' aluminum reduction plant buildings known as Pot Room No. 4.[1] In this plant Reynolds manufactures aluminum by the reduction of alumina through an electrolytic process in a series of machines called "pots."

■ At the close of the evidence, Reynolds, as authorized by Rule 50(b) of the Federal Rules of Civil Procedure, presented to the trial judge a written motion for a directed verdict; ruling was reserved upon the motion, the case was submitted to the jury, and a verdict was returned by the jury in favor of the appellant in the amount of $36,208.33.[2] Subsequently and timely, Reynolds filed its motion to have the verdict and the judgment entered thereon set aside and to have judgment entered notwithstanding the verdict. A formal order was entered by the trial court granting this motion, vacating the verdict and judgment for Green, and entering judgment for Reynolds. This appeal is from that action, the sole contention being that the District Court erred in setting aside the verdict of the jury and granting the judgment in Reynolds' favor notwithstanding the jury verdict.

The theory of Green's case is that while an invitee on Reynolds' premises he was injured as a proximate consequence of Reynolds' negligence; he alleges ten particulars—in the alternative as authorized by Rule 8(e) (2), Federal Rules of Civil Procedure—wherein he says that Reynolds was negligent in fail-

1. Appellant, even though injured while an employee of the independent contractor, proceeded against Reynolds under the Alabama statutory authority found in § 312, Title 26, Code of Alabama, authorizing a cause of action for damages against a "third-party tort feasor," whether or not the employee receives workman's compensation.

2. The practice followed by Judge Grooms in this case, of submitting the case to the jury for a verdict even though the evidence appears insufficient, is a highly desirable practice in that it makes certain that the final determination of the case is expedited even though a judgment is entered notwithstanding the jury verdict.

ing to provide him with a safe place to work. These ten grounds fall into the following three general categories: (1) That Reynolds negligently failed to furnish a guard rail around the area from which Green fell; (2) that Reynolds negligently allowed a large amount of dust to accumulate on the ledge from which Green fell; and (3) that Reynolds negligently allowed Green to work in the area which was overheated and contaminated with poisonous gases, of which Green was unaware and which caused him to lose consciousness and fall.

Reynolds joined issue on Green's theories and also entered the affirmative defenses of contributory negligence and assumption of risk.

The evidence—for the most part undisputed—disclosed that Green had been working for the independent contractor, A. Nabakowski Company, engaged by Reynolds to repair and reroof one of its plant buildings. Green had been on this job as "helper" for over three months when the accident occurred at about 2 p. m. on November 10, 1961. It was from a narrow projection of the roof on the inside of the ventilator or monitor, which served to carry the smoke and gases from the aluminum reduction pots in the building, that Green fell some forty feet to the floor. Just prior to the accident, Green's supervisor had instructed him to put up the tools, meaning for him to set them behind the south wall of the ventilator and on the ledge or projection of the roof out of the weather. Green immediately started performing this task, which was one of his daily duties. As a matter of fact, Green had previously worked on and around the ledge from which he fell, including the assisting in removing from the ledge large quantities of dust. No one saw Green fall, and Green, who by reason of the fall suffered a retrograde amnesia, testified that he did not know exactly the place on the ledge from which he fell and that he did not know what caused the fall; the last thing he remembered was that he had just removed his dust respirator. The evidence, however, was undisputed that the ledge from which Green fell had no side rails or safety rope, had the usual amount of dust and debris on it, and was generally in the same condition that had existed previously, which condition had been observed by Green daily during his thirteen weeks on the job.

As to Green's several theories of negligence, it is clear that under the law of Alabama, Reynolds, as owner of the premises, owed him, as an employee of an independent contractor, the same duty a property owner owes an invitee. This duty, as declared by the Alabama Supreme Court in Claybrooke v. Bently, 1954, 260 Ala. 678, 72 So.2d 412, is to maintain the premises in a reasonably safe condition and that an invitee assumes all normal or ordinary risks attendant upon the use of the premises; further, that the owner is under no duty to reconstruct or alter his premises to eliminate known or obvious dangers, and that he cannot be held liable for injuries resulting from a dangerous condition which was obvious, or should have been observed in the exercise of reasonable care. See also Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 52 So. 86.

There was no evidence presented in this case that indicated what caused Green to fall. There was not as much dust on the ledge as usually accumulated. In any event, there was no showing that the dust or debris on the ledge had anything to do with the fall. To base a finding of negligence on the fact that excessive dust was allowed to accumulate and that Green fell as a proximate cause of such condition would, in the first place, be contrary to all the evidence, and, in the second place, be entirely speculative and conjectural.

As to Green's theory of negligence based upon the failure to provide a guard rail or rope the general Alabama rule as set out in the Claybrooke and Tobler cases, supra, precludes the finding of negligence. Furthermore, in Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388, the Alabama law was

declared to the effect that an invitee, which position Green occupied as to Reynolds, assumes such risks and that the owner is under no duty to reconstruct so as to eliminate obvious dangers; nor is he liable for injury resulting from such danger which was obvious, known, or, in the exercise of reasonable care, should have been known. Aside from this, the question of causation bars recovery on this theory since no one saw Green fall, he does not remember falling, and it would be mere surmise to say that a rope or guard rail would have prevented it.

██ Finally, as to the theory of the appellant that contends negligence by reason of allowing him to work in an area made dangerous by excessive heat and poisonous gases, the evidence is silent that any such gases existed in the area to the extent that such had anything to do with Green's becoming unconscious and falling. Several employees for both the independent contractor and Reynolds regularly worked in the area from which Green fell and were working in the area on the day of the fall. No other workman was affected, and the reduction process on the day in question was normal in all respects. Again, any recovery upon this theory would of necessity be based upon the guess that the excessive heat and toxic gases, if either existed, caused the fall.

 There is no question but that proof of negligence may be made out completely with circumstantial evidence. In such instances, if there is evidence that points to any plausible theory of causation, there is a basis for recovery. Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Harbin v. Moore, 234 Ala. 266, 175 So. 264. However, as is the case here, evidence which does nothing more than show that the injury could have possibly occurred through a certain way or means, cannot justify the conclusion that it occurred that way or by that means.

The verdict rendered by the jury upon the evidence in this case was of necessity based upon speculation and conjecture that there was a causal connection between the three alternative and conjunctive theories of negligence, as claimed by Green, and Green's fall. Such a verdict cannot stand.

The judgment of the District Court is Affirmed.