**Jerry R. HILL, Plaintiff-Appellant,**

v.

**UNITED STATES STEEL CORPORA-TION, Defendant-Appellee.**

**No. 80–7513**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

March 19, 1981.

J. H. Crow, III, Birmingham, Ala., for plaintiff-appellant.

Thomas, Taliaferro, Forman, Burr & Murray, Robert G. Tate, Birmingham, Ala., for defendant-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In this diversity action, Jerry R. Hill, employed as a welder and pipe fitter by J.M. Foster, Inc., seeks to recover in tort for personal injuries he sustained while working on the premises of the United States Steel Corp. The district court granted United States Steel's motion for summary judgment. We affirm.

Two affidavits provide all the available evidence. These establish that J.M. Foster contracted to dismantle the existing piping and install new piping at United States Steel's Fairfield Works, located in Birmingham, Alabama. The contract provided, *inter alia*, that "[t]he safety of all persons employed by [J.M. Foster] and his subcontractors on [United States Steel's] premises . . . shall be the sole responsibility of [J.M. Foster]" and that "[J.M. Foster] shall take all reasonable measures and precautions at all times to prevent injuries to . . . any of his employees . . . ." Record, at 27. It is

undisputed that United States Steel did not reserve the right to control, nor did it actually control, the manner in which J.M. Foster performed the work under the contract. Hill, while working on the piping at the Fairfield Works as an employee of J.M. Foster, fell from a permanent walkway elevated more than four feet above the Work's concrete flooring. He was injured. He complained that his injuries resulted from United States Steel's negligent failure to equip the walkway with a guard rail.

Alabama tort law governs our disposition of this case. It is clear that Hill's status *vis a vis* United States Steel was that of independent contractor. *See Solmica of the Gulf Coast, Inc. v. Braggs*, 285 Ala. 396, 232 So.2d 638, 640 (1970). Our inquiry, then, focuses on the responsibilities of United States Steel toward Hill arising from that status. We have considered the question before. In *Green v. Reynolds Metals Co.*, 328 F.2d 372, 374 (5th Cir. 1964), a case factually similar to the one before us today, we explained that

> it is clear that under the law of Alabama, [defendant], as owner of the premises, owed [plaintiff], as an employee of an independent contractor, the same duty a property owner owes an invitee. This duty, as declared by the Alabama Supreme Court in *Claybrooke v. Bently*, 1954, 260 Ala. 678, 72 So.2d 412, is to maintain the premises in a reasonably safe condition and that an invitee assumes all normal or ordinary risks attendant upon the use of the premises; further, that the owner is under no duty to reconstruct or alter his premises to eliminate known or obvious dangers, and that he cannot be held liable for injuries resulting from a dangerous condition which was obvious, or should have been observed in the exercise of reasonable care. See also *Tobler v. Pioneer Mining & Mfg. Co.*, 166 Ala. 482, 52 So. 86.

We concluded that:

> As to [plaintiff's] theory of negligence based upon the failure to provide a guard

rail or rope the general Alabama rule as set out in the *Claybrooke* and *Tobler* cases, supra precludes the finding of negligence. Furthermore, in *Lamson & Sessions Bolt Co. v. McCarty*, 234 Ala. 60, 173 So. 388, the Alabama law was declared to the effect that an invitee, which position [plaintiff] occupied as to [defendant], assumes such risks and that the owner is under no duty to reconstruct so as to eliminate obvious dangers; nor is he liable for injury resulting from such danger which was obvious, known, or, in the exercise of reasonable care, should have been known.

*Green v. Reynolds Metal Co.*, 328 F.2d at 374–375. The facts here mandate that we conclude, as we did in *Green*, that the plaintiff may not recover. Hill has agreed that he enjoyed the status of an invitee and, furthermore, has never alleged that the elevated walkway was a "hidden" danger; indeed, according to the district court, Hill, "at the pre-trial conference, . . . conceded the walkway was open and obvious."

Nothing in more recent Alabama cases leads us to conclude otherwise. Both *Hughes v. Hughes*, 367 So.2d 1384, 1386 (Ala.1979) and *Chrysler Corp. v. Wells*, 358 So.2d 426, 428 (Ala.1978) reaffirm the axiom that in Alabama "[t]he owner of premises is not responsible to an independent contractor for injuries from defects or dangers which the contractor knows of, or ought to know of." These cases differed factually from the one before us today, but it is noteworthy that in both cases plaintiffs sought to recover on the theory that they were not provided with a safe place to work. In neither case did plaintiff succeed.[1]

Nor do *Baptist Medical Center v. Byars*, 289 Ala. 713, 271 So.2d 847 (1973) and *Kingsberry Homes Corp. v. Ralston*, 285 Ala. 600, 235 So.2d 371 (1970) dictate a different conclusion. In *Byars*, a question

---

1. In *Hughes*, directed verdicts for the owner and its insurer were affirmed because, *inter alia*, plaintiff failed to establish that the owner breached any duty owed to him. In *Wells*, the verdict in favor of the employee and against the owner was reversed and the case remanded for a new trial for, *inter alia*, the same reason.

of fact, properly presented to the jury, arose from disputed testimony concerning the issue of the owner's failure to maintain the premises in a safe condition. In the case today, there is no such dispute. Similarly, in *Kingsberry*, the court found that there was evidence indicating that the plaintiff did not know of the arguably "open and obvious" danger. Thus the issue was a proper one for the jury. Here, Hill has conceded that the walkway was open and obvious.

Stated most simply, Hill has failed to produce any evidence of actionable negligence on the part of United States Steel. Accordingly, the district court's order granting the defendant's motion for summary judgment is

AFFIRMED.