# Paul I. Maynard, Sr. and Paul R. Morwood v. The Travelers Insurance Co.

[540 A.2d 1032]

No. 85-403

Present: **Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.) and Hill, J. (Ret.), Specially Assigned**

Opinion Filed December 4, 1987

Motion for Reargument Denied December 29, 1987

*Samuelson, Portnow & Little*, P.C., Burlington, for Plaintiff-Appellant.

*William W. Pearson, John H. Tarlow* and *Anita R. Tuttle* of *Downs Rachlin & Martin*, Burlington for Defendant-Appellee.

**Gibson, J.** Plaintiff appeals the trial court's setting aside of a jury verdict in his favor. We reverse and reinstate the jury's verdict.

## I.

Plaintiff is a disabled former employee of the City of Burlington (City). He retired with full disability benefits on September 1, 1973. Upon his retirement, he was provided with a copy of the insurance contract the City carried with The Travelers Insurance Company (Travelers). Plaintiff asserts that he was unaware of certain benefits available to him under the City's policy until he spoke with other disabled retired employees sometime in 1978 or 1979. He did not file a claim for such benefits until October 22, 1979. Travelers refused plaintiff's claim, contending that plaintiff was not covered by the policy.

Upon denial of his claim, plaintiff brought suit against both the City and Travelers. His complaint against the City was based upon the alleged negligence of the City in not advising plaintiff that he was entitled to certain benefits under the City's policy with Travelers. His suit against Travelers sought benefits allegedly due under the policy. Prior to trial, the two causes of action were severed.

The suit against Travelers went to trial first. At the close of plaintiff's case, Travelers moved for a directed verdict, contending, among other things, that plaintiff's claim was barred by the six-year statute of limitations, 12 V.S.A. § 511. The trial court, in a conference held off the record, indicated that it would reserve judgment on Travelers' motion. Travelers then proceeded with the presentation of its case, but failed to renew its motion for a directed verdict at the close of all the evidence. The jury returned a verdict in favor of plaintiff. Within ten days after the jury verdict, Travelers filed a motion for directed verdict, for judgment notwithstanding the verdict (n.o.v.), and for a new trial. Subsequently, the court granted Travelers' motion for directed verdict on the ground that plaintiff's claim was barred by the statute of limitations. Plaintiff appealed, asserting that Travelers' failure to renew its motion for a directed verdict at the close of all the evidence barred the trial court's action.

Thereafter, plaintiff's suit against the City went to trial. At the close of plaintiff's case, the trial court granted the City's motion for a directed verdict on the ground that the statute of limitations had not run on plaintiff's claim against Travelers, and, therefore, plaintiff had failed to prove a prima facie element of his case.

Plaintiff again appealed, and the two appeals were argued consecutively.

In his reply brief herein, plaintiff raised for the first time the issue that the trial court had incorrectly ruled that the statute of limitations had expired on his claim. Travelers strenuously objected to plaintiff's introducing this issue in his reply brief. Our law is clear that issues not raised in an appellant's original brief may not be raised for the first time in a reply brief. *Vermont National Bank* v. *Dowrick*, 144 Vt. 504, 509, 481 A.2d 396, 399 (1984); *Condosta* v. *Condosta*, 139 Vt. 545, 547, 431 A.2d 494, 496 (1981). Plaintiff has failed to advance any justification to warrant our departing from this principle; thus, we shall not do so here.

## II.

Although the post-verdict motions filed by defendant were denominated a motion for a directed verdict, for judgment n.o.v., and for a new trial, it is clear that the trial court set aside the jury's verdict on the basis of Travelers' motion for a directed verdict. The law governing such situations is well settled. Where the trial court defers ruling on a motion for a directed verdict made at the close of an opponent's case, the issue is waived if the motion is not renewed at the close of all the evidence. See *Palmisano* v. *Townsend*, 136 Vt. 372, 375, 392 A.2d 393, 395 (1978); see also *Lent* v. *Huntoon*, 143 Vt. 539, 551, 470 A.2d 1162, 1170-71 (1983) (dicta reiterating same principle); Reporter's Notes V.R.C.P. 50 ("Federal authorities applying [Fed. R. Civ. P.] 50 are in accord with prior Vermont decisions holding that when a motion for directed verdict made at the close of an opponent's case is denied, the question is waived unless the motion is renewed at the close of all the evidence.").

In the instant case, the trial court did not rule on the motion for directed verdict when originally made, but deferred ruling on it. Travelers cites *Phoenix Savings & Loan, Inc.* v. *Aetna Casualty & Surety Co.*, 427 F.2d 862, 873-74 (4th Cir. 1970), and *Green* v. *Reynolds Metals Co.*, 328 F.2d 372, 373 n.2 (5th Cir. 1964), for the proposition that such practice is allowable, because it promotes judicial economy. The acceptability of this practice, however, does not excuse the defendant from taking the steps necessary to preserve the issues for review. We disagree that the cited authorities can save Travelers in this instance. In *Phoenix*,

the motion for a directed verdict was made and granted at the close of all the evidence before the jury commenced its deliberations. *Phoenix*, 427 F.2d at 864. In *Green*, the motion for a directed verdict was also made at the close of all the evidence, but the trial court reserved ruling on the motion. Defendant subsequently filed a motion for judgment n.o.v. which was granted by the trial court. *Green*, 328 F.2d at 373. These cases are thus distinguishable because of the key fact that the moving parties made their directed verdict motions at the close of all the evidence, whereas in the instant case, defendant failed to do so.

Travelers also asserts that the evidence it presented after its directed verdict motion was brief and did not deal with the statute of limitations issue. Travelers claims this evidence could not have altered the trial court's decision regarding its directed verdict motion, and that this Court, therefore, should not strictly impose the renewal requirement in the instant case.[1] We prefer not to blur this bright line requirement.

Initially, we question Travelers' belief that the evidence submitted by its witnesses after making its directed verdict motion was brief and of no relevance to the statute of limitations issue. The transcript reveals over eighty pages of testimony dealing with plaintiff's physical condition and the existence of the City's insurance policy with Travelers. This testimony was thus not brief,

---

[1] Travelers requests that we adopt the approach set forth in *Bayamon Thom McAn, Inc.* v. *Miranda*, 409 F.2d 968 (1st Cir. 1969), which follows a two-part analysis in determining whether to grant a motion for judgment n.o.v. where defendant failed to renew a motion for directed verdict at the close of all the evidence. Under this approach, our first consideration would be to determine whether or not the trial court had led the moving party to believe that it had done all that was required of it in order to preserve its motion for judgment n.o.v. If we so found, we would then have to determine whether the evidence presented subsequent to the directed verdict motion had previously been "unrevealed, lengthy, or relevant to the issues raised by the motions for a directed verdict." *Id.* at 971-72. We do not believe this approach is appropriate in the instant case.

We note that the *Bayamon* analysis deals with the granting of a motion for judgment n.o.v. after a failure to renew a directed verdict motion at the close of all the evidence. As previously discussed, the trial court improperly granted Travelers' directed verdict motion and did not rule on its motion for judgment n.o.v. More importantly, V.R.C.P. 50 and the applicable case law clearly provide that the introduction of evidence after requesting a directed verdict waives the directed verdict motion, unless the moving party renews the motion at the close of all the evidence.

and was relevant to the statute of limitations issue insofar as it dealt with the date on which coverage allegedly ceased.

Strong policy considerations also weigh against favoring appellate examination of the length and relevance of the newly introduced evidence in determining whether or not renewal of a directed verdict motion should be required in any given case. The basic policy reason for the renewal requirement is to give the non-moving party "an opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury." 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 50.08, at 50-77 (2d ed. 1986). The best method of avoiding confusion over the adequacy of this warning is not through a post hoc examination of the length and relevance of the newly introduced evidence by this Court, but rather by strict enforcement of the renewal requirement by the trial courts. Finally, by not requiring the moving party to renew its directed verdict motion at the close of all the evidence, we would only be inviting further appeals to this Court on matters which properly belong in the trial court—namely, weighing and examining the evidence.[2]

Because Travelers failed to renew its directed verdict motion at the close of all the evidence, it waived this motion, and the trial court improperly granted the directed verdict motion after the jury had returned its verdict.

*Reversed and remanded to the trial court with instructions to enter judgment on the jury verdict.*

---

[2] This Court notes with approval the opinion expressed by the court of appeals in *Mutual Ben. Health & Accident Ass'n v. Thomas*, 123 F.2d 353 (8th Cir. 1941). For a trial court to enter a judgment

> contrary to a general verdict of the jury where no motion for a directed verdict has been interposed [at the close of all the evidence], is simply to ask the court to re-examine the facts already tried by the jury, and this the court may not do without violating the Seventh Amendment.

*Id.* at 355.