In re Alfred Victor STUART, Debtor.

Joseph ABANDONATO, Appellant,

v.

Alfred Victor STUART, Appellee.

BAP No. CC 87–1814 MoVJ.

Bankruptcy No. LA84–11629SB.

Adv. No. LA86–2089SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on March 16, 1988.

Decided July 15, 1988.

Kurt Osenbaugh, McClintock, Kirwan, Benshoff, Rochefort & Weston, Los Angeles, Cal., for appellant.

No Appearance for appellee.

Before MOOREMAN, VOLINN and JONES, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge.

This appeal arises from an order entered by the bankruptcy court dismissing the appellant's complaint "for failure to prosecute." The debtor/appellee did not file a responsive brief.

### FACTS

On August 7, 1986, the appellant filed the underlying adversary proceeding against the debtor seeking to have a certain debt declared nondischargeable. The complaint specifically alleged that the debtor had obtained a loan (in the amount of $78,250), from the appellant by the use of false representations and false financial statements. No answer or other responsive pleading was ever filed. A status conference was held on October 16, 1986, and the debtor did not appear. Accordingly, the bankruptcy court ordered a default entered and also ordered the appellant to "submit [a] prove-up in written form."

Appellant states in his brief that because he was on an extended vacation, the bankruptcy court's "clerk" told appellant's at-

torney that "it would be acceptable to file the prove-up declaration and judgment in December." Appellant's Brief at 4. On December 9, 1986, the appellant filed a "Request for Default Judgment Re: Nondischargeability of Debt Due to Debtor's Fraud" along with a proposed Judgment and an affidavit from the appellant. The affidavit essentially stated that the complaint had been served on the debtor, no response had been filed, the debtor failed to appear at the status conference and that the amount due from the debtor was $129,-428.72 which equalled the principal amount owing on the note plus interest.

The appellant states in his brief that the Request for Default was returned to his office "with a note that no prove-up had been filed." According to the appellant, the Bankruptcy Judge's law clerk suggested that the "prove-up declaration" be more prominently labelled. The appellant then modified the proposed "Judgment" to read "Judgment Re Nondischargeability of Debt" and again filed the documents on December 16, 1986. The appellant also included a cover letter which stated that the documents contained a "sworn prove-up statement" from the appellant. It is evident from this letter that the appellant's attorney assumed the sworn declaration regarding the amount owed was a sufficient "prove-up statement." Again, the appellant states that the documents were "rejected by the Court" and the Bankruptcy Judge's law clerk again suggested that they be refiled.

On January 5, 1987, the documents were refiled with a modified caption on the Request for Default which included the language "Prove Up Declaration of [the appellant]." The substance of the documents were essentially unchanged. These pleadings were again rejected on February 13, 1987, on the basis that there was "No Proof of Service." On February 24, 1987, the appellant again sent the documents by messenger for refiling and again they were rejected. The appellant's attorney states that at this point, he made a trip to the bankruptcy court and after contacting the "supervisory clerk" as well as the Bankruptcy Judge's law clerk, each indicated that the documents appeared adequate and suggested they be refiled. On March 23, 1987, a fifth attempt at filing the documents was made, whereupon they were rejected and returned to the appellant under a cover letter which stated there was "No Prima Facie Case."

Soon after the fifth rejection, the appellant received an Order Dismissing Adversary Case for Failure to Prosecute. In response thereto, the appellant filed a Motion to Vacate on July 2, 1987. At the hearing on appellant's motion to vacate the dismissal order, the bankruptcy court stated that the case was dismissed because the "prove-up" failed to show a prima facie case. Accordingly, the bankruptcy court denied the appellant's motion to vacate, resulting in the instant appeal.

## DISCUSSION

■ Initially the appellant argues that the complaint and accompanying documents attached to the complaint clearly demonstrated fraud. The prayer of the complaint, however, did not specify a sum certain, nor could the sum be made certain through computation. Accordingly, any default judgment entered had to be entered by the court. Fed.R.Civ.P. 55(b).[1] In entering a default judgment, the trial court has discretion whether to "conduct such hearings or order such references as it deems necessary and proper" in order to "establish the truth of any averment...." Fed.R.Civ.P. 55(b)(2). In this regard, plaintiffs may be required to establish through affidavit their *prima facie* case showing entitlement to judgment. *See Televideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987). The trial court's requirement that the "prove-up statement" set forth a *prima facie* case was, therefore, within the court's discretion under Rule 55(b)(2).

---

1. Fed.R.Civ.P. 55 is made applicable to bankruptcy proceedings through Bankruptcy Rule 7055.

The problem that arises in the instant case however, is that nowhere in the trial court's order requiring the "written prove-up statement" is there any indication that the prove-up required a prima facie showing. This is also evident by the appellant's attorney's obvious misunderstanding as to why the documents he repeatedly filed were rejected. Further, the filing clerks and the court's law clerk were unable to to determine why the documents were insufficient. Although, the cover sheet rejecting the appellant's fifth attempt at filing the documents stated the reason as "No Prima Facie Case," this language alone is unclear.

■ A lower court's dismissal for failure to prosecute will be reversed only upon a finding of abuse of discretion. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted). However, "dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Id.* (citation omitted).

The Ninth Circuit has recognized that "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Id.* (citation omitted).

■ In the instant case, the appellant sought to file assumedly proper documents on at least five different occasions. Although it is unclear when the appellant received notice of the rejection of his March 23rd filing, or when appellant first received notice of the dismissal order, the appellant filed his motion to vacate the dismissal order on July 2, 1987. At the very most, *three months* had passed from the last filing and entry of the dismissal order. Further, after the fifth rejection of the documents, appellant states that his attorney then began preparing a motion to have the adequacy of the documents put before the court. Apparently, however, the order dismissing the adversary proceeding was received before the motion was filed.

In reviewing whether unreasonable delay existed, the Ninth Circuit has stated that deference should be given to the trial court "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable."

*Henderson,* 779 F.2d at 1423 (citation omitted). However, the Ninth Circuit has recognized five (5) factors that are required to be weighed before a court dismisses a case for lack of prosecution. They include:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir.1984); *Mir v. Fosburg,* 706 F.2d 916, 918 (9th Cir.1983).

*Henderson,* 779 F.2d at 1423. *See also In re Tong Seae (U.S.A.), Inc.,* 81 B.R. 593 (9th Cir. BAP 1988).

Although the trial court did not make specific findings to show that it considered the above factors, a reviewing court may independently review the record in order to determine whether the trial court abused its discretion in dismissing the underlying proceeding. *Henderson,* 779 F.2d at 1424.

In the instant case, there is no evidence that the bankruptcy court gave any *warning* that the appellant's case was to be dismissed, and there is no indication that the court ever considered or imposed *lesser alternative sanctions.* As previously discussed, nothing in the transcripts of the proceedings indicate that the bankruptcy court ever offered any explanation to the appellant why the documents were being rejected as insufficient. The appellant's uncertainty as to the court's rationale for rejecting the documents is also supported by the cover letters included with the documents. It was not until the hearing on the motion to vacate the dismissal order that the trial court explained the deficiency of the prove-up statement. Once apprised of the problem, appellant's counsel requested an opportunity to file the necessary declaration. This too, however, was denied.

Additionally, there is no evidence that any *prejudice* to the defendant resulted from the delay in having the default judgment entered. Indeed there is no evidence that the defendant ever made any appearance in the underlying proceeding and in fact has failed to file a responsive brief before this Panel. The complete absence

of the debtor in this proceeding supports a finding that no prejudice resulted from any delay.

The Ninth Circuit has previously ruled that in the absence of less drastic alternative sanctions and where there is no evidence of prejudice to the defendant, dismissal of the plaintiff's case is improper. *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.1981); *cf. Henderson*, 779 F.2d at 1424 (holding that dismissal was within the court's discretion after the plaintiff received at least three initial warnings of dismissal as well as a status conference to try to remedy the problem).

Although the need to manage the court's docket is an important factor, nothing in the record indicates that this factor outweighs the harsh penalty of dismissal imposed upon the appellant under the circumstances.

On the record before this Panel, we find that the trial court improperly dismissed the adversary proceeding.

Accordingly, the order of the bankruptcy court is REVERSED and REMANDED to allow the appellant to file a prove-up declaration establishing his *prima facie* case of fraud and misrepresentation.