INGRAM, Justice.
The plaintiff, June Fleming, appeals from a summary judgment entered in favor of the defendant, Robert Arrington.
In her complaint, Fleming alleged that she suffered injuries to her back and to her bladder when she fell while fishing on Ar-rington’s farm in Montgomery County. Fleming says Arrington charged the public $1 to fish in a pond on his property. On May 5, 1990, Fleming arrived on the property at approximately 10:00 a.m. She testified in her deposition that about a half hour later she noticed fire ants on the property. She also testified, “I didn’t get that many bites. They just kept getting on me and I just kept moving, ... kicking them or moving my feet to get them off me, shaking them off my jeans.”
According to Fleming’s deposition testimony, between 2:00 and 3:00 p.m. (3½ to 4½ hours after first noticing the ants) she fell into the pond while she was trying to shake ants off her feet. She testified:
“I was standing there fishing and I remember picking my feet up to shake the ants off. And before I knew it, I was sitting down hard with my legs in the water. I just fell from my height all the way up sitting down and I bounced. And it knocked the air out of me.”
Fleming sued Arrington, alleging that the fire ants presented a hazardous condition. She also alleged that her injuries were caused when she lifted her foot in order to avoid or to kill the ants. The trial court entered a summary judgment in favor of Arrington. Fleming appeals.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256 (Ala.1991). The present action was filed in June 1991; therefore, the applicable standard of review is the “substantial evidence rule.” See § 12-21-12, Ala.Code 1975. “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the *1162 existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). “In determining whether there is substantial evidence to defeat a summary judgment motion, this Court reviews the record in the light most favorable to the non-movant and resolves all reasonable doubts against the movant.” Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403, 404 (Ala.1990).
For purposes of this appeal, we consider Fleming to be a business invitee and Ar-rington to be an invitor. We have held:
“[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the Court in Lamson & Sessions Bolt Co. [v. McCarty, 234 Ala. 60, 63, 173 So. 388, 391 (1937)]:
“ ‘In 45 C.J. § 244, p. 837, the rule is thus stated: “The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.” ’
“Accord, McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954). The entire basis of an invitor’s liability rests upon his superior knowledge of the danger which causes the invitee’s injuries. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala.1979); Tice v. Tice, 361 So.2d 1051 (Ala.1978). Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.”
Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980) (emphasis supplied), quoted in McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
Fleming entered Arrington’s property for the purpose of fishing, for which she says she paid Arrington $1. She testified that she noticed the ants about a half hour after arriving on the property. She also testified that she remained on the property after noticing the ants. She testified that 3¾⅛ to 4½ hours later she fell and that she fell because she was trying to shake off some ants.
As a matter of law, under the circumstances of this case Arrington is not liable for Fleming’s injuries. Fleming’s injuries, which she alleges were caused by the presence of the ants, resulted from a fall that she says was caused by her efforts to shake off the ants. She testified that she had been shaking off the ants since shortly after she arrived. Fleming’s deposition testimony shows that well before she fell she had knowledge of the “danger” that she says caused her to fall; therefore, she cannot recover.
Because no genuine issue of material fact exists, Arrington’s summary judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
HORNSBY, C.J., and SHORES, J., concur in the result.