THOMPSON, Presiding Judge,
dissenting.
Because I believe the trial court properly entered a summary judgment in favor of St. Bernard Preparatory School (“St. Bernard”), I must respectfully dissent.
Assuming for purposes of this writing only that Shirley Cotten was an invitee rather than a licensee, meaning that St. Bernard owed her a greater duty than it would a licensee, I do not believe that St. Bernard breached that duty of care.
*164 “1 “[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the Court in Lamson & Sessions Bolt Co. [v. McCarty, 234 Ala. 60, 63, 173 So. 388, 391 (1937) ]:
“ ‘ “ ‘In 45 C.J. § 244, p. 837, the rule is thus stated: “The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.” ’
“ ‘ “Accord, McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954). The entire basis of an invitor’s liability rests upon his superior knowledge of the danger which causes the invitee’s injuries. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala.1979); Tice v. Tice, 361 So.2d 1051 (Ala.1978). Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.” ’
“Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 463 (Ala.1993)(quoting Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980)).”
Fred’s Dep’t Store v. Paschal, 923 So.2d 1125, 1128 (Ala.Civ.App.2005).
In this case, there is no assertion that the uneven sidewalk on which Cotten tripped was hidden or could not be seen by someone using ordinary care. Whether a sidewalk is uneven would be open and obvious to anyone walking along its way. Our supreme court “ ‘has expressly rejected the notion that an invitor owes a duty to eliminate open and obvious hazards or to warn the invitee about them if the invitor “should anticipate the ham despite such knowledge or obviousness.” ’ ” Jones Food Co. v. Shipman, 981 So.2d 355, 362-63 (Ala.2006), quoting Sessions v. Nonnenmann, 842 So.2d 649, 654 (Ala.2002), quoting in turn Ex parte Gold Kist, Inc., 686 So.2d 260, 261 (Ala.1996).
Moreover, the evidence presented in support of St. Bernard’s motion for a summary judgment indicated that St. Bernard employees or officials were unaware that the sidewalk was uneven. Therefore, the superior knowledge required of St. Bernard as the invitor was not present, and it cannot be held liable for the injury Cotten sustained when she tripped on the sidewalk.
For these reasons, I believe that the trial court’s order entering a summary judgment in favor of St. Bernard is due to be affirmed.
PITTMAN, J., concurs.