**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )    BAP No. NV-15-1427-LDoKi
                                    )
RANDALL BESSLER and                 )    Bk. No. 14-51963-btb
DENISE BESSLER,                     )
                                    )    Adv. Pro. No. 15-05014-btb
            Debtors.                )
_____ )
                                    )
RALPH G. MERRILL,                   )
                                    )
            Appellant,              )
                                    )
v.                                  )    **M E M O R A N D U M**[*]
                                    )
RANDALL M. BESSLER,                 )
                                    )
            Appellee.               )
_____ )

Submitted Without Oral Argument
on October 21, 2016

Filed - November 1, 2106

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Chief Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Ralph G. Merrill, pro se on brief;
                Appellee Randall M. Bessler, pro se on brief
                _____

Before: LAFFERTY, DORE,[**] and KIRSCHER, Bankruptcy Judges.

_____

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**]   Hon. Timothy W. Dore, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

## I. INTRODUCTION

The bankruptcy court dismissed Appellant-Plaintiff Ralph Merrill's adversary proceeding for failure to prosecute after Merrill failed to appear at a continued status conference. On appeal, Merrill, who is pro se, argues that he misunderstood the court's instructions regarding the timing of the status conference relative to a yet-to-be scheduled settlement conference.

Because the record[1] reveals no basis for a finding of unreasonable delay or prejudice to defendant, and no apparent consideration of less drastic sanctions, we find that the bankruptcy court abused its discretion in dismissing the adversary proceeding. We therefore VACATE and REMAND.

## II. FACTUAL BACKGROUND

On February 27, 2015, Appellant Ralph Merrill filed an adversary complaint against Appellee-Debtor Randall Bessler. Merrill alleged that Bessler was an antique firearms dealer, that Merrill had consigned to Bessler several firearms, including a rare .45 caliber German Luger pistol, and that Bessler had sold the Luger and 40 other consigned firearms without Merrill's knowledge or authority and failed to turn over the proceeds. The complaint purported to plead three claims: conversion, breach of contract, and breach of fiduciary duty. Merrill alleged damages

---

[1] Not all the documents referred to in this Memorandum were included in the parties' excerpts of record. To the extent necessary, we take judicial notice of pleadings filed by both parties in the adversary proceeding. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

of $763,000. In the prayer for relief, Merrill requested a finding that the debt be found nondischargeable but did not designate a specific subsection of § 523(a).[2]

Bessler filed an answer denying the allegations. Thereafter, on May 14, 2015, Merrill filed a motion for summary judgment and request for an order to show cause why Bessler should not be held in contempt for making false statements to the court. Merrill did not set the matter for a hearing.

The bankruptcy court set a scheduling conference for June 2, 2015. Merrill did not appear.[3] On June 8, 2015, the bankruptcy court issued an order to show cause why the adversary proceeding should not be dismissed for failure to appear at the June 2 scheduling conference. The matter was set for hearing on July 29, 2015. Merrill did not file a response to the order to show cause, but he filed an application to appear by telephone at the hearing.

On June 25, 2015, Bessler filed a motion to dismiss the adversary proceeding and set it for hearing on the same date as the continued scheduling conference. Merrill filed a motion to

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3] It is not clear why Merrill failed to appear for the June 2 scheduling conference. The Notice of Scheduling Conference was included with the summons issued March 2, 2015. The bankruptcy court docket indicates that the summons was served on Bessler via the Bankruptcy Noticing Center on March 4, 2015, but there is no record of service of the summons/notice on Merrill.

strike the pleading and, as noted, an application to appear telephonically at the July 29 hearing.

On July 21, 2015, the bankruptcy court issued an order indicating that the July 29 hearing would be a status conference regarding the pending motion for summary judgment and motion to dismiss. The order setting the status conference indicated that the parties could appear either in person or by telephone.

At the July 29, 2015 hearing, Merrill appeared telephonically. The bankruptcy court informed the parties that after reading their pleadings, it intended to send them to a settlement conference. The court strongly encouraged Merrill to settle, stating

> I think it is highly unlikely from looking at this in the sort of not documented, confused state, various conflicting representations. And I'm not suggesting that anyone is lying, but you have a long and complicated relationship that had lots and lots and lots and lots of variables in it. And I will be surprised if you can prove a dischargeability case. So I'm sending you to a settlement conference.

Hr'g Tr. (July 29, 2015) 5:8-17.

Merrill asked if he could respond, but the bankruptcy court declined that request, informing Merrill that he could not prosecute the adversary proceeding unless he appeared in person, and that he should save his response for the settlement conference.[4] The bankruptcy court indicated that it would not

---

[4] The bankruptcy court stated:

> No. You are in my court, this is a status conference. I wanted to tell you this. You asked to be allowed to appear. You are not allowed to prosecute
> (continued...)

-4-

set a trial date until after a settlement conference had occurred, and that the court would notify the parties of the date set for the settlement conference and the name of the settlement judge. The court then stated that the status conference would be continued to December 2, 2015, but that if the case had settled before then Merrill would not be required to appear. The court then stated: "If you're doing anything else, you do have to be here." Id. 7:15-16.

At the end of the hearing, Bessler informed the court that Merrill was incarcerated and that he believed Merrill was being released in March 2016.[5] The court commented: "Okay. We'll set the trial after that [if] we have to. . . . I don't know that I realized that." Id. 9:6-7.

On August 6, 2015, the bankruptcy court issued a Notice of Continued Status Hearing setting the status conference for December 2, 2015. The notice contains a notation that "[t]he court's hearing calendar for the date scheduled by this Notice

---

[4] (...continued)
cases here if you are not here. So I'm not going to hear you. I'm ordering you to a settlement conference. You can make your statements to the settlement judge. Next time there is a hearing you need to be here. I will not let you appear by telephone.

Hr'g Tr. 6:8-14. The record does not indicate the reason for the bankruptcy court's apparent irritation with Merrill regarding his telephonic appearance. As noted, the order setting the status conference explicitly permitted telephonic appearances.

[5] In Merrill's response to the motions panel's order requiring him to file a complete copy of the transcript, Merrill alleges that he had hung up the telephone before Bessler informed the court of Merrill's incarceration. Merrill states that he was released from prison on November 20, 2015.

may be viewed at www.nvb.uscourts.gov up to five days before the scheduled hearing date to determine whether or not the hearing has been kept on calendar."

In late August and early September, Merrill and a deputy clerk for the bankruptcy court exchanged emails regarding the scheduling of the settlement conference. Merrill included those emails in his excerpts of record, but the record does not reveal whether the bankruptcy court ever saw or considered any of that correspondence. On August 24, 2015, the clerk sent Merrill an email informing Merrill of available dates for a settlement conference of November 2, 3, or 4, 2015. The clerk requested Merrill inform him which dates and times would suit his schedule and stated that he was transmitting the same information to Bessler, and that once the parties agreed on a date and time, a scheduling order would be issued. On August 31, 2015, the clerk sent a follow-up email asking for a response no later than September 4, 2015.

On September 4, 2015, Merrill replied to the clerk's email as follows:

> Thank you for your notice. I received a written notice from the Court a couple of weeks ago or so, informing me of a settlement conference on the 2nd of December. Assuming that was pretty reliable, I scheduled my travel plans to align with that date so that I would be in the region at that time, thus able to attend. I am in Colorado at the present time, and would find it very difficult to change my current travel plans for the 2nd of December. Is there any possibility that we can adhere to the original plan? That would help considerably.

It appears to us from this email that Merrill was conflating the settlement conference with the continued status conference. Indeed, the clerk replied the same day, explaining to Merrill

that the settlement conference was separate from the December 2 status conference:

> Reviewing the docket, I see that on 8/6 a notice was issued continuing the 7/29 status hearing(s) to Tues. Dec. 2. **In contrast to this, what I am attempting to coordinate is a separate settlement conference which the Court ordered during the 7/29 hearings.** My review of the record of the 7/29 hearing(s) indicates that the Court will not bring the matter to trial until such a settlement conference takes place, so I wanted to give you the opportunity for one of the November settings – since they are the very soonest available. . . .

(emphasis added). The clerk then informed Merrill that if the November dates were not feasible, the clerk would advise Merrill of future dates as they became available.

A few days later, Merrill sent a reply email to the clerk stating that his return to the Utah/Nevada area would be difficult to manage any sooner than December and requested a date "around that time." On September 10, 2015, the clerk responded with "Fair enough, Mr. Merrill. Right now, it looks like the next chance we'll have for settlement conferences will be sometime in the second quarter of 2016. I'll be back in contact then."

The next item on the bankruptcy court's docket is the Order Dismissing Adversary Proceeding entered December 4, 2015. The Order states:

> At the prior hearing on July 29, 2015, the Plaintiff was ordered to be present at this hearing. There was no appearance by Plaintiff, and no pleading filed or request for a continuance received.
>
> Therefore, this matter is dismissed for lack of prosecution.

No minute entry appears on the bankruptcy court docket to indicate that a hearing was held or to otherwise explain the court's ruling.

-7-

Merrill timely appealed.

## III. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## IV. ISSUE

Did the bankruptcy court abuse its discretion in dismissing the adversary proceeding for lack of prosecution?

## V. STANDARD OF REVIEW

The bankruptcy court may sua sponte dismiss an adversary proceeding for lack of prosecution under Civil Rule 41(b), applicable in bankruptcy via Rule 7041. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Abandonato v. Stuart (In re Stuart), 88 B.R. 247, 249 (9th Cir. BAP 1988). We review the bankruptcy court's dismissal of an adversary proceeding based upon a plaintiff's failure to prosecute for abuse of discretion. Moneymaker v. CoBEN (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994). Dismissal is a harsh penalty to be imposed only in extreme circumstances. Henderson, 779 F.2d at 1423.

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011). To reverse for abuse of discretion, we must have a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. In re Eisen,

-8-

31 F.3d at 1451.

## VI. DISCUSSION

### A. Factors to be considered in determining whether dismissal is appropriate

In determining whether to dismiss a case for lack of prosecution, the bankruptcy court is to weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Eisen, 31 F.3d at 1451; Henderson, 779 F.2d at 1423; Tenorio v. Osinga (In re Osinga), 91 B.R. 893, 894 (9th Cir. BAP 1988). No finding of bad faith is required. Henderson, 779 F.2d at 1425.

A dismissal for lack of prosecution must be supported by a showing of unreasonable delay. Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980). Unreasonable delay creates a presumption of injury to the defense. Ash v. Cvetkof, 739 F.2d 493, 496 (9th Cir. 1984). We give deference to the bankruptcy court in reviewing whether unreasonable delay existed, as the bankruptcy court is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. In re Osinga, 91 B.R. at 895; In re Stuart, 88 B.R. at 249. Because of the countervailing interest in disposing of cases on their merits, the pertinent question is not simply whether there has been a delay but rather whether there has been sufficient delay or prejudice to justify dismissal of the plaintiff's case. Nealey, 662 F.2d at 1280.

-9-

**B.  Application of the factors to the facts of this case**

The bankruptcy court did not make explicit findings to support the dismissal of the adversary proceeding, but such findings are not required; we may independently review the record to determine whether the bankruptcy court abused its discretion. Ash, 739 F.2d at 496.

**1.  Unreasonable delay**

It appears to us that the bankruptcy court dismissed the case based on unreasonable delay.  However, we find no basis for such a finding.  It is not clear that Merrill's failure to appear at the December 2 status conference resulted in any delay at all. Rather, the delay was due to the rescheduling of the settlement conference.  Even though Merrill's unavailability for the November dates caused the delay in scheduling the settlement conference, it appears that his unavailability was due to his incarceration.[6]

To the extent the bankruptcy court also relied on Merrill's failure to appear at the original June 2 scheduling conference in dismissing the case, it is not clear whether Merrill had notice of the June 2 hearing; therefore, any such reliance was probably misplaced.

**2.  Prejudice**

Nothing in the appellate record or the bankruptcy court docket reflects prejudice to Bessler resulting from Merrill's failure to appear at the December 2 status conference, beyond the

---

[6] The bankruptcy court may well not have recalled Bessler's assertion that Merrill would be incarcerated until March 2016.

-10-

presumed inconvenience and possible expense of appearing at a hearing that did not occur. **Both** parties were waiting for the scheduling of the settlement conference, which would not have occurred before April 2016.

### 3. The bankruptcy court did not consider less drastic sanctions.

Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Henderson, 779 F.2d at 1423. Here, dismissal was effectively with prejudice because any nondischargeability action would be time-barred if refiled. Thus, Merrill has lost the opportunity to have his claims heard on the merits. Less drastic sanctions, such as a monetary penalty, could have been imposed, but there is nothing in the record to suggest that the bankruptcy court considered those.

### 4. Merrill's failure to appear was based on his misunderstanding of the court's instructions.

Merrill argues in his brief that he believed that the settlement conference was to occur before another status conference would be held. Merrill contends in his opening brief that he interpreted the court clerk's communications to mean that no status conference would be held until after the settlement conference had occurred:

> Merrill assumed that if the Settlement Conference was to be rescheduled, as the Clerk clearly inferred, then the Status Conference that was going to follow it, would necessarily be rescheduled. Otherwise, the "status" would not have changed for the scheduled December 2, 2015 Status Conference, rendering it moot. Accordingly, Merrill cancelled his plans for travel and awaited further notification from the Clerk of Court who had previously advised: "I'll be back in contact then."

-11-

Thus, Merrill did not appear for the December 2 status conference because he was awaiting an order setting the date for the settlement conference. It does not appear that the bankruptcy court was aware of this.

Bessler argues that Merrill "repeatedly" ignored the bankruptcy court's orders to personally appear at hearings on June 2, 2015, July 29, 2015, and December 2, 2015. Bessler states that "Merrill was told at the hearing on July 29th, 2015, that if he did not appear at the next hearing on December 2nd, 2015, that his Adversary Complaint would be dismissed."

These assertions are not completely accurate. First, Merrill was **not** required to appear in person on July 29; the order setting the status conference explicitly permitted the parties to appear telephonically (by making arrangements with Court Call one day before the hearing). Second, although the bankruptcy court told Merrill that, barring settlement, Merrill needed to personally appear at the continued status conference, the court did **not** explicitly state that a failure to appear would result in dismissal of the adversary proceeding.

Still, the bankruptcy court's dismissal of the adversary proceeding was not entirely baseless: Merrill failed to appear at the initial scheduling conference on June 2, after which the court issued an order to show cause; the court stated on the record on July 29, 2015 that if the case had not settled, Merrill had to personally appear at the December 2 status conference; and the court clerk explained to Merrill that the settlement conference and status conference were two different hearings. Also, Merrill could have contacted the court to confirm whether

-12-

the December 2 status conference was going forward.

Notwithstanding the foregoing, as noted above, dismissal is a harsh penalty to be imposed only in extreme circumstances. Henderson, 779 F.2d at 1423. At an early point in the case, the decision to terminate is subject to further scrutiny. Taylor v. Singh (In re Singh), 2016 WL 770195, at *5 (9th Cir. BAP Feb. 26, 2016).[7] And, "in the absence of less drastic alternative sanctions and where there is no evidence of prejudice to the defendant, dismissal of the plaintiff's case is improper." In re Stuart, 88 B.R. at 250 (citing Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981)).

## VII. CONCLUSION

Under the totality of the circumstances presented in this appeal, we find that the the public policy favoring the disposition of cases on their merits was not outweighed by the court's need to manage its docket, the risk of prejudice to the defendant, or the public's interest in expeditious resolution of litigation. Moreover, the bankruptcy court did not consider

---

[7] In Singh, the bankruptcy court dismissed the adversary proceeding at the first status conference for plaintiff's counsel's failure to file a status report as required by local rule. Counsel did not file the status report because the parties were in the process of preparing a stipulation and order to stay the proceedings pending the outcome of a § 727 action brought by the United States Trustee. We reversed, finding that counsel's noncompliance was minimal, and that the bankruptcy court erred in finding risk of prejudice to the debtor where debtor was subject to a denial of discharge proceeding as well as related adversary proceedings. We also found that the bankruptcy court erred in its consideration of lesser sanctions, and that on balance, the need to manage the court's docket did not outweigh the public interest in having cases heard on their merits.

-13-

lesser sanctions.  Thus, the bankruptcy court abused its discretion in dismissing the adversary proceeding.

Therefore, we VACATE and REMAND for further proceedings in accordance with this disposition.