**FIDELITY PHILADELPHIA TRUST COMPANY, Appellee,**

v.

**PIOCHE MINES CONSOLIDATED, INC., Appellant.**

**Nos. 76–3180, 76–3443.**

United States Court of Appeals, Ninth Circuit.

Sept. 11, 1978.

Rehearing Denied Nov. 27, 1978.

T. David Horton (argued), Battle Mountain, Nev., Francis T. Cornish (argued), Susanville, Cal., for appellant.

Richard P. Brown, Jr. (argued), of Morgan, Lewis & Bockius, Philadelphia, Pa., Willard P. Norberg (argued), of Ackerman, Johnston, Norberg & Parkinson, San Francisco, Cal., for appellee.

Before BARNES and GOODWIN, Circuit Judges, and MUECKE,* District Judge.

MUECKE, District Judge:

This appeal involves a counterclaim filed by appellant, Pioche, against appellee, Fidelity, which was originally filed in 1940 and has been pending in its final form since 1956. That counterclaim was dismissed by order of the district court, and it is from that order that this appeal arises.

Fidelity filed their first motion to dismiss the counterclaim November 1, 1960 alleging lack of prosecution as four and one-half years had passed since the filing of the final form of counterclaim. That motion was denied on June 5, 1961. A pretrial conference was held the next day at which time the matter was set for trial to commence December 4, 1961. That date was re-set four times with the last date being vacated on August 29, 1962 at the request of Pioche. It has never been re-set since. (The complaint has long since been dismissed and the only issue to be tried was the counterclaim.)

Fidelity filed their second motion to dismiss for lack of prosecution on June 18, 1974. That motion was served on certain counsel and officers of Pioche, but was not served on their counsel of record. The court below granted that motion on October 25, 1974, but set that order aside on August 28, 1975 so that Pioche could respond. On October 2, 1975 the motion was referred to the Magistrate pursuant to a Local Standing Order in which the parties agreed to accept the Magistrate's order as final with the right to file specific objections to the District Court. A hearing was held by the Magistrate on November 7, 1975 at which time the motion to dismiss was granted. Pioche filed a motion to reargue along with additional evidence. That motion was denied on June 17, 1975 and a formal ruling granting the motion to dismiss was entered by the Magistrate on June 18, 1975.

Objections to the June 18 order were filed with the District Court, which objections were overruled on July 12, 1975. It is from that order that this appeal comes.

■ The two key dates in analyzing the delay in prosecution of this case are 1962 and 1969. The delay from 1956 to 1962 was, at least in part, caused by Fidelity. Therefore, that delay should not be used as a basis for dismissal of the counterclaim. Pioche also argues that the delay from 1962 to the date on which the mandamus order was issued in 1969 by this court was also unavoidable and partly the fault of Fidelity because of the pending receivership. However, that action was not a direct bar to the prosecution of the counterclaim and Pioche did not apply to the court for a stay on that counterclaim.

■ There is some merit to Pioche's argument that they could not proceed with the counterclaim until the records were returned by the receiver, which did not happen until the writ was issued in 1969.

* The Honorable C. A. Muecke, United States District Judge for the District of Arizona, sitting by designation.

There is, however, no excuse for the delay from the time the writ was issued in 1969 until the date on which the case was dismissed for lack of prosecution—six years of inactivity. Nothing was done on the case for five years, until 1974 when certain records were discovered missing. And even then it was not until seven months after the motion to dismiss was filed that Pioche's attorney even got involved in seeking those records. Appellant cannot use his actions after the motion to dismiss was filed as evidence of his diligence in prosecuting the suit.

Even had Pioche been actively seeking the production of the lost records, this was no excuse for the lack of prosecution. Federal Rules of Evidence 1003 and 1004 allow copies of records to be used in place of lost originals. Such copies were available and could have been used if the originals had not appeared prior to trial.

A district court's dismissal for failure to prosecute a claim with reasonable diligence will not be overturned unless the district judge clearly abused his discretion. This Court should not overturn that discretion unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir., 1976).

A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision. *Premium Service Corp. v. Sperry & Hutchinson,* 511 F.2d 225, 229 (9th Cir., 1975). Furthermore, the rule is that unreasonable delay creates a presumption of injury to the defendant. *Alexander v. Pacific Maritime,* 434 F.2d 281, 283 (9th Cir., 1970). In this case a total of thirteen witnesses died, seven prior to the first 1960 motion to dismiss, and six more prior to the filing of the second such motion.

It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court. *Boudreau v. U.*

S., 250 F.2d 209 (9th Cir., 1957); *Hicks v. Bekins Moving & Storage,* 115 F.2d 406 (9th Cir., 1940).

In this case there was a twelve-year delay (1962 to 1974) and, at the very least, a five-year delay (1969 to 1974). The finding by the District Court that this delay justified a dismissal of the counterclaim for lack of prosecution was not an abuse of that Court's discretion and this Court will, therefore, not disturb that ruling. The District Court's judgment in dismissing the counterclaim is, therefore, affirmed.