**In re David Wayne OSINGA, Beverly Sue Osinga, Debtors.**

**Robert S. N. TENORIO, Maria Q. Tenorio, Appellants,**

**v.**

**David Wayne OSINGA, Beverly S. Osinga, Appellees.**

**BAP No. CC–87–1067 VMoMe.**

**Bankruptcy No. SA 83–01977RP.**

**Adv. No. SA 83–2932.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 20, 1988.

Decided Sept. 7, 1988.

John A. Belcher, Herramann, Potter & Taylor, San Diego, Cal., for appellants.

Andrew K. Phelps, Law Offices of Robert L. Goodrich, San Bernardino, Cal., for appellees.

Before VOLINN, MOOREMAN and MEYERS, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

Robert and Maria Tenorio, husband and wife, creditors and plaintiffs below, are appellants herein. They appeal from an order of the bankruptcy judge dismissing their Complaint to Determine Dischargeability of Debt for want of prosecution and an order denying their motion for reconsideration of this matter. David and Beverly

Osinga, debtors and defendants below, are appellees herein.

We affirm.

## FACTS

The Osingas filed a Chapter 13 petition in bankruptcy on April 26, 1983. This was later converted to a Chapter 7, and an order for relief under Chapter 7 was entered on July 11, 1983. On September 19, 1983, Robert and Maria Tenorio, who had loaned the debtors $15,000.00, filed their Complaint to Determine Dischargeability of Debt. This was the last day on which they could timely do so. The Osingas timely answered.

The matter was set for trial November 16, 1983. The trial date was vacated and the matter set for status conference on January 13, 1984. The record, which does not reflect why the trial date was vacated, simply refers to the filing of the "Notice of Vacating Trial Date and of Status Conference." The Tenorios filed a pretrial statement on or about May 10, 1984. The matter was then set for trial on May 18, 1984. The court vacated the trial date and set the matter for status conference on May 10, 1984. Again, the record does not reflect why the trial date was vacated. Regarding this matter, the record contains: (1) an "Order Vacating Hearing Date and Setting Status Conference" signed by Bankruptcy Judge Ralph G. Pagter and dated April 18, 1984; (2) Minutes of the Bankruptcy Court, reflecting that both sides appeared for a status conference at 10:00 a.m. on May 10, 1984, and the matter was continued to July 6, 1984. While the record does not reflect who requested continuance of the status conference, appellants' opening brief states that appellees requested such continuance. Appellees do not dispute this statement.

On or about May 22, 1984, the Tenorios substituted counsel, and the Osingas were so informed on or about June 1, 1984. By agreement, the parties took depositions on June 18, 1984, nine months after the Complaint had been filed, and took the July 6 status conference off calendar.

On November 17, 1986, the court dismissed the case for want of prosecution. The court's docket reflected no activity since July 6, 1984. Counsel for the Tenorios moved for reconsideration of this ruling (the motion was filed December 8, 1986). The motion was briefed by both sides, and was heard and denied on January 5, 1987. The Tenorios timely appealed.

## ISSUE

Did the trial court abuse its discretion in dismissing the case for want of prosecution?

## STANDARD OF REVIEW

The court had inherent authority to sua sponte dismiss the case for want of prosecution. *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir.1986).

A trial court is required to consider the following five factors in determining whether to dismiss an action for lack of prosecution: (1) the public's interest in expeditious resolutions of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d at 1423; *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984); *In re Stuart*, 88 B.R. 247 (9th Cir. BAP 1988). When, as here, the trial court does not explicitly consider these five factors, the appellate court reviews the record independently to determine whether there was an abuse of discretion. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987); *Henderson*, 779 F.2d at 1424; *Ash*, 739 F.2d at 496. The trial court will be reversed only if the appellate court is convinced that a mistake was made. *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275 (9th Cir.1980); *Henderson*, 779 F.2d at 1424.

## ANALYSIS

Appellants concede that the trial court is to be reversed only for abuse of discretion. They present three arguments that the trial court abused its discretion in dismissing the case: (1) the appellees have shown no

prejudice resulting from the delay, (2) the court should have imposed a less harsh penalty, and (3) the delay was caused by counsel rather than the appellants themselves.

We rule against appellants on these three arguments.

## I.  *Dismissal Factors*

### A.  The first two factors

■ The appellate court gives deference to the trial court in the area of determining whether dismissal for lack of prosecution is supported by a showing of unreasonable delay, since the trial court is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. *Henderson v. Duncan,* 779 F.2d at 1423.

In this case, the twenty-nine-month delay impeded the expeditious resolution of the case and hindered the trial court in managing its docket. *See Malone v. U.S. Postal Service,* 833 F.2d at 131; *Ash,* 739 F.2d at 496.

### B.  Prejudice to the defendant

The law presumes injury to the defendant from unreasonable delay.

The fact that defendants neither sought dismissal for lack of prosecution nor made a showing of prejudice does not require reversal of an order dismissing for lack of prosecution. *Pearson v. Dennison,* 353 F.2d 24 (9th Cir.1965).

In determining whether a defendant has been prejudiced, an appellate court is to consider whether plaintiff's actions impair the defendant's ability to go to trial or threaten the rightful decision of the case. *Malone,* 833 F.2d at 131. In this case, defendants/appellees had seen no action and had heard nothing from the plaintiffs/appellants regarding this matter for twenty-nine months. In light of the fact that witnesses move away and their memories fade, injury to the defendants is rightfully presumed. *Alexander v. Pacific Maritime Association,* 434 F.2d 281 (9th Cir.1970) (presumption of injury to defendants when plaintiff caused nine-month delay); *Hicks v. Bekins Moving & Storage Co.,* 115 F.2d 406 (9th Cir.1940) (Defendants were not required to show specific impairment of their defense in order to justify the court's dismissal on its own motion of an action which had been called for assignment sixteen times in a period of twenty months before being set for dismissal, since the law will presume injury from unreasonable delay).  We note that debtors have recourse to bankruptcy so that they may have the benefit of immediate relief from oppressive economic circumstances and a fresh start.  Parties seeking to except their debts from the operation of a discharge should litigate their claims with reasonable promptitude.  Here, appellants' two and one half years of inaction impaired or prejudiced the debtors' fresh start.

### C.  Consideration of Less Drastic Alternatives

Although the Ninth Circuit Court of Appeals has indicated a preference for explicit discussion by the trial court of the feasibility of lesser sanctions when ordering dismissal, it has never ruled that explicit discussion of alternatives is necessary for an order of dismissal to be upheld. *Malone,* 833 F.2d at 132.  Under egregious circumstances, it is unnecessary (although helpful) for a trial court to discuss why alternatives to dismissal are infeasible. *Malone,* 833 F.2d at 132.

In affirming a dismissal, without prior warning, for failure of counsel to appear at a pretrial conference, the United States Supreme Court said:

> Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void.  It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Anderson National Bank v. Luckett,* 321 U.S. 233, 246, [64 S.Ct. 599, 606, 88 L.Ed. 692 (1944)].  But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process.

The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386 at 1389, 8 L.Ed.2d 734 (1962).

In this case, the 29–month delay was egregious. No discussion of alternatives nor prior warning was necessary.

II. *It was the duty of the appellants as plaintiffs below, rather than of the appellees as defendants below, or the court, to expedite the case to final determination.*

The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination, and unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal.

*Hicks v. Bekins Moving & Storage Co.*, 115 F.2d at 409 (9th Cir.1940), quoting *Inderbitzen v. Lane Hospital*, 17 Cal.App.2d 103, 61 P.2d 514 (1936).

"It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court." *Fidelity Philadelphia Trust Company v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978), (Citations omitted), (affirming dismissal of counterclaim when defendants (counterclaimants) did not show diligence in prosecuting it).

■ It is the plaintiff's duty to expedite his case to its final determination, and if he allows delays by the defendant, he cannot complain of them. *Boudreau v. United States*, 250 F.2d 209, 211 (9th Cir.1957) (court held that plaintiff could not complain of defendant's one-year delay in filing answer when plaintiff allowed delay).

In this case, plaintiffs/appellants complain that they were ready to go to trial on three occasions, and delays were caused by the defendants/appellees. The record, however, does not reflect what caused the delays. When the trial court reviewed the file, it saw that two trial dates had been vacated, the case had been set for status conference, taken off calendar, and thereafter nothing occurred for twenty-nine months. This record demonstrates *per se* a lack of prosecution. In any event, assuming *arguendo* that the delay was contributed to or caused by appellees, dismissal may nevertheless be appropriate. *Accord, Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829 (9th Cir.1986) (affirmance of dismissal after several continuances).

III. *That counsel may have been more at fault than was his client is not grounds for reversal in this case.*

For purposes of a motion to dismiss for failure to prosecute, the plaintiff has the ultimate burden of persuasion both as to excuse for his own delay and as to lack of prejudice to the defendant. The trial court is to determine whether there has been sufficient unjustified delay to warrant dismissal of the plaintiff's case. *Nealey*, 662 F.2d 1275, 1279–81; *Franklin v. Murphy*, 745 F.2d 1221, 1233 (9th Cir.1984).

In this case, the plaintiffs/appellants have offered as an excuse for their twenty-nine-month delay that counsel forgot to file an at-issue memorandum. This memorandum was apparently required by local court rule, although neither the record nor the briefs make that completely clear. In their Opening Brief, appellants state:

Plaintiffs and defendants both took depositions on June 18, 1984, by stipulation. The transcripts not having been created, the attorneys agreed that the status conference could go off calendar, the court by then having adopted the use of an "at-issue memorandum" to control trial settings.

In his declaration supporting the motion for reconsideration, attorney for appellants, states:

Plaintiff and defendants both took depositions on June 18, 1984, in my offices. After the conclusion of the depositions, we engaged in some unsuccessful settlement negotiations. I instructed my secretary to file an at-issue memorandum. I assumed it had been done and that I was awaiting a trial date. During the time since then, I have received no communication of any kind from the adverse parties or their counsel.

From this statement appellants argue that, since delay was caused by counsel, rather than his clients, clients should not be punished. Appellants rely on *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir.1972) to support this position. However, *Pond* is distinguishable from this case. In *Pond,* plaintiff's counsel appeared for trial in a timely fashion without having filed a proposed pretrial order and jury instructions. The trial court dismissed the case without prejudice. The Fifth Circuit held that this was too severe a sanction, in light of the fact that counsel's oversights were merely inadvertent.

Appellants also rely on *Sykes v. United States,* 290 F.2d 555 (9th Cir.1961). There the Ninth Circuit reversed the trial court's dismissal, partly because it was counsel's rather than the client's fault, but largely because less than a seven-month delay had occurred. *Sykes* is distinguishable from this case in which a twenty-nine-month delay occurred, during which time plaintiffs should have and could have insisted that their lawyers take some action or that new counsel be substituted.

## CONCLUSION

Dismissal, given justifiable circumstances, is appropriate. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (United States Supreme Court affirmed dismissal for counsel's unexcused failure to appear at pretrial conference, reasoning that since petitioner freely chose counsel, petitioner could not avoid the consequences of counsel's acts or omissions); *Henderson v. Duncan,* 779

F.2d at 1424 (not error to dismiss case for counsel's failure to comply with pretrial order).

We cannot conclude, on the basis of the record before us, that the trial judge abused his discretion. *Accord, States S.S. Co. v. Philippine Air Lines,* 426 F.2d 803 (9th Cir.1970) (dismissal affirmed when plaintiff took no action for thirteen months); *Fitzsimmons v. Gilpin,* 368 F.2d 561 (9th Cir.1966) (dismissal affirmed when plaintiff took no action for fifteen months); *Von Poppenheim v. Portland Boxing & Wrestling Comm'n,* 442 F.2d 1047 (9th Cir. 1971) (dismissal affirmed when plaintiff did not comply within eleven months with court order to specify claim more specifically and list witnesses who would testify at trial); *Ballew v. Southern Pac. Co.,* 428 F.2d 787 (9th Cir.1970) (dismissal affirmed where counsel had taken no action to obtain disclosure of allegedly inaccessible factual data in one and a half year period since filing).

We therefore affirm.