993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Munroe Dubose BATSON; Georgia Lenore Batson, Debtors.
Morris DIAMOND; Blanche Diamond; Joseph Diamond, Appellants,
v.
Munroe Dubose BATSON; Georgia Lenore Batson, Appellees.
 No. 92-56375.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Morris, Blanche, and Joseph Diamond appeal the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's dismissal of the Diamonds' action to determine the dischargeability of a debt for failure to prosecute under Federal Rule of Civil Procedure 41(b). We have jurisdiction under 28 U.S.C. § 158(d) and affirm.
 
 
 3
 We review for abuse of discretion a trial court's dismissal for failure to prosecute. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991).
 
 
 4
 In determining whether to dismiss for failure to prosecute, a trial court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (citations omitted). If the trial court makes no specific findings to show that it considered these factors, we review the record independently for abuse of discretion. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). We give deference to the trial court's determination of unreasonable delay because the trial court is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. Id. at 1423.
 
 
 5
 Here, the Diamonds filed an adversary proceeding on September 5, 1986 to determine the dischargeability of a debt owed them by bankruptcy debtors Munroe and Georgia Batson. Thereafter, the parties conducted discovery and attended status conferences. After March 7, 1988, however, the Diamonds failed to take any action until June 28, 1991. The Batsons filed a motion to dismiss for failure to prosecute. At the hearing on the motion to dismiss, the only reasons offered by the Diamonds for the delay were the negligence of their counsel, a fee dispute with their counsel, and the fact that the case had been dropped accidentally from the bankruptcy court's calendar.
 
 
 6
 These reasons do not excuse the Diamonds' delay in prosecuting the case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir.1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court"); Tenorio v. Osinga (In re Osinga), 91 B.R. 893, 896-97 (Bankr. 9th Cir.1988) (fact that appellants' counsel was partly to blame for delay did not excuse failure to prosecute). Considering the extent of the unexcused delay, we conclude that the bankruptcy court did not abuse its discretion by dismissing for failure to prosecute. See Alexander v. Pacific Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir.1970) (district court did not abuse its discretion by dismissing for failure to prosecute where appellants took no action on arbitration award for nine months), cert. denied, 401 U.S. 1009 (1971); Osinga, 91 B.R. at 896 (bankruptcy court did not abuse its discretion by dismissing for failure to prosecute where appellants took no action for twenty-nine months).
 
 
 7
 The Diamonds' contentions on appeal are without merit. First, relying on Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275 (9th Cir.1980), the Diamonds contend that the bankruptcy court erred because they were presently prosecuting the case with reasonable diligence. Nealey is distinguishable from the instant case, however. The delay in Nealey did not implicate the federal court's docket management needs because the delay had occurred prior to the removal of the case to federal court. Id. at 1279. In contrast, the delay in the instant case occurred in the bankruptcy court.
 
 
 8
 Second, the Diamonds contend that the bankruptcy court gave insufficient weight to the policy favoring disposition of cases on their merits because the Batsons acted dishonestly in seeking to be discharged from their debt to the Diamonds. We are aware of no authority, and the Diamonds offer none, directly supporting this proposition.
 
 
 9
 Third, the Diamonds contend that there was no showing of prejudice resulting from the delay. In view of the length of the delay in the instant case, however, the bankruptcy court properly presumed prejudice. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985).
 
 
 10
 Finally, the Diamonds contend that less drastic alternatives were available. Given the length of the delay in the instant case, however, it was unnecessary for the bankruptcy court to discuss why alternatives to dismissal were unfeasible. See Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988) (although explicit discussion of alternatives is preferable, it is not necessary for a dismissal to be upheld).
 
 
 11
 The decision of the Bankruptcy Appellate Panel is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3