Jarek MOLSKI, an individual; and Disability Rights Enforcement, Education Services: Helping You Help Others, a California public benefit corporation, Plaintiffs–Appellants,

v.

PISMO BOWL; Patricia A. Fissori, a trustee of the Patricia Ann Fissori 2001 Trust; and Steven D. Goldie and Christine H. Goldie, dba Pismo Bowl, Defendants–Appellees.

No. 05–56053.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed Sept. 25, 2007.

Kristina M. Wertz, Esq., San Francisco, CA, for Plaintiffs–Appellants.

Francisco J. Morales, Esq., Borton, Petrini & Conron, Los Angeles, CA, for Defendants–Appellees.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY,* District Judge.

MEMORANDUM **

This appeal arises from the oral, sua sponte order of Judge Manuel L. Real dismissing Appellants' action for lack of prosecution resulting from their failure to lodge a pre-trial conference order. After a hearing before the district court, the motion to withdraw the order was denied without any real explanation.

Appellant Jarek Molski is a physically disabled litigant who has filed hundreds of lawsuits under the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq., and similar California state statutes. We recently upheld a district court order in a separate federal suit declaring Appellant Molski to be a "vexatious

---

* The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

litigant" and ordering him to obtain leave of court before filing any additional claims under Title III of the ADA in the United States District Court for the Central District of California (the "Vexatious Litigant Order").[1] *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir.2007). In light of the Vexatious Litigant Order and the fact that Appellant Molski has filed over 400 suits pursuant to the ADA and related statutes in federal court without a single one having been litigated on the merits, it is possible that Judge Real could have properly dismissed this case for lack of prosecution had he considered the factors set forth in *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986). However, because we are not privy to the specific bases for Judge Real's decision, we must remand this case to the district court for further explanation.[2]

A district court's dismissal of a case with prejudice is reviewed for abuse of discretion. *See Thompson*, 782 F.2d at 832. A

district court has the inherent power to control its docket and ensure compliance with its orders and local rules through sanction. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). However, a district court does not have unbridled power over ordering dismissals. Dismissal is a harsh penalty, and therefore should only be imposed in the presence of extreme circumstances. *See Thompson*, 782 F.2d at 831. In *Thompson*, the court held that "because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors." *Id.* These factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

Under the above factors, the district court could properly take note of Appel-

**1.** Our recent decision also upheld the district court's order sanctioning the law firm representing Molski, Thomas E. Frankovich, a Professional Law Corporation, by requiring it to obtain leave prior to filing any claims pursuant to Title III of the ADA in the Central District of California. *See generally Molski,* 500 F.3d at 1062, Part V. In upholding the district court's orders, we noted that "in 2004 the Frankovich Group filed at least 223 nearly identical lawsuits in the Northern and Central Districts of California, that the complaints all stated an ADA claim and the same four claims under California state law, that the damages requested in each case were identical and that, other than superficial alteration of the names and facts, the complaints were textually identical down to the typos." *Id.* at 1052–53. We also considered and agreed with the district court's observation that many of the claims of bodily injury found in the various complaints were "contrived." *Id.* at 1053. Specifically, we noted that:

[t]he court found in particular that "the rate of physical injury defies common

sense," noting that the plaintiffs alleged similar injuries sustained in a similar fashion at different businesses on the same day. The court noted that the similar injuries did not excuse the existence of accessibility barriers, but that its finding that the injury claims were contrived was "merely a recognition of the fact that reasonable people, once injured, tend to take affirmative steps to avoid similar physical injuries, rather than repeat that same activity 400 times (or five times in the same day)."

*Id.* at 1053–54 (internal citations omitted).

**2.** The court has not required district courts to explicitly discuss the five *Thompson* factors in rendering a dismissal. *See, e.g., Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.1986); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984). Here, however, where we have been provided with nothing to suggest that the *Thompson* factors were even considered, we are left with no choice but to remand to the district court for further analysis.

lants' litigation history. In analyzing Appellants' litigation history, the Vexatious Litigant Order notes that "enterprising plaintiffs (and their attorneys) have found a way to circumvent the will of Congress by seeking money damages while retaining federal jurisdiction.... The ability to profit from ADA litigation has given birth to what one Court described as a 'cottage industry.'" *See* Vexatious Litigant Order at 5–6. The district court went on to state that it had "no doubt that Molski's 'shotgun litigation' tactics 'undermine [ ] both the spirit and purpose of the ADA.' In addition to misusing a noble law, Molksi has used abusive litigation tactics. His claims of being the innocent victim of hundreds of physical and emotional injuries over the last four years defy belief and common sense." *See* Vexatious Litigant Order at 16.

These factors weigh in favor of granting a dismissal pursuant to the *Thompson* factors. Dismissal supports the public's interest in expeditious resolution of litigation. Even Appellants concede that this factor will always weigh in favor of a dismissal when the resolution of the case would be otherwise delayed; Appellants' failure to lodge the court-ordered pre-trial order would have necessarily impeded the outcome of the litigation. Furthermore, the court's need to manage its docket is a factor that is often reviewed in conjunction with the public's interest in expeditious resolution of the litigation. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir.1994). These two factors are particularly compelling in this case.

Courts also consider the risk of prejudice in deciding whether to dismiss a case.

In making this determination, we examine "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987) (citing *Rubin v. Belo Broad. Corp.*, 769 F.2d 611, 618 (9th Cir.1985)). Plaintiff has the burden of coming forward with an excuse that the delay is "anything but frivolous." *See In re Eisen*, 31 F.3d at 1453. Here, at least some potential for prejudice existed and Appellants have not come forth with any legitimate excuse for their failure to lodge the pre-trial order. While such a procedural error might be forgivable in the ordinary course, here Appellants and their attorneys have filed hundreds of actions and should, at this point, have established a certain degree of intimacy with court rules and procedure. In fact, Appellants have previously had a number of their other cases dismissed for a failure to prosecute, albeit a significant minority in comparison to the hundreds of claims they have filed in total.

Courts will also consider that public policy favors a disposition of cases on their merits when deciding whether a dismissal is warranted. However, this factor is not applicable to this case as not a single one of Appellants' cases have been litigated on the merits. Instead, the vast majority of these cases have settled with a small number having been dismissed for lack of prosecution. It is also clear that general public policy concerns favor dismissal of this case. The stated goal of the ADA is to remedy discrimination against persons with disabilities, not to enable litigants such as Molski to profit from making frivolous claims.[3]

---

3. As we noted in *Molski*, we are cognizant of the fact that the ADA does not permit private plaintiffs to seek money damages, and that this removes the incentive for most disabled persons who are injured to bring suit under the ADA. *See Molski*, 500 F.3d at 1061–62.

The effect of this is that "most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. District courts should not condemn such serial litigation as vexatious as a matter

Although there were admittedly a host of less drastic sanctions the court could have imposed, appellate courts have "never held that explicit discussion of alternatives is *necessary* for an order of dismissal to be upheld." *See In re Eisen,* 31 F.3d at 1454–55 (quoting *Malone,* 833 F.2d at 132). "Under egregious circumstances, it is unnecessary ... for a trial court to discuss why alternatives to dismissal are infeasible." *Id.* at 1455 (quoting *In re Osinga,* 91 B.R. 893, 895 (9th Cir. B.A.P. 1988)). We understand the frustration of the District Judge in dealing with this type of litigation, but the law requires that certain considerations be taken into account before dismissal. Judge Real did not give us any indication that he weighed the required factors, which leaves us in the dark as to whether he even considered them.

This case is REMANDED to the district court for further proceedings in accordance with this order.

of course." *Id.* at 1062. However, for reasons discussed in more detail in *Molski,* this particular litigant and his counsel have made a habit of filing frivolous claims, which is a significant factor to be considered when deciding whether dismissal of this particular case was appropriate.

