**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: )<br>)<br>WILLIAM F. GARLOCK, )<br>)<br> Debtor. )<br>_____ )<br>)<br>LEDESMA VENTURES, LLC, )<br>)<br> Appellant, )<br>)<br>v. )<br>)<br>WILLIAM F. GARLOCK, )<br>)<br> Appellee. )<br>_____ ) | BAP No.   NC-16-1092-KuBS<br><br>Bk. No.   3:12-bk-30802<br><br>Adv. No.   3:13-ap-03172<br><br><br><br><br>**MEMORANDUM**[*] |

Argued and Submitted on January 19, 2017
at San Francisco, California

Filed – March 22, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding

Appearances:     David M. Wiseblood argued for appellant Ledesma
Ventures, LLC; Zachary Tyson of Nova Law Group
argued for appellee William F. Garlock.

Before: KURTZ, BRAND and SPRAKER,[**] Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**]Hon. Gary A. Spraker, Chief United States Bankruptcy Judge for the District of Alaska, sitting by designation.

**INTRODUCTION**

Ledesma Ventures, LLC appeals from an order dismissing its nondischargeability adversary proceeding and from an order denying its motion for relief from dismissal under Civil Rule 60(b)(1).[1]

The bankruptcy court dismissed the adversary proceeding for lack of prosecution after many months' delay and after Ledesma Ventures more than once failed to comply with the court's service requirements, thereby further delaying prosecution of the action. While the bankruptcy court did not make explicit findings on the five factors typically considered before dismissing for lack of prosecution, the record supports the bankruptcy court's decision. The record establishes that the public's interest in expeditious litigation, the court's need to control its docket, the risk of prejudice to the defendant and the availability of less drastic sanctions, all militated in favor of dismissal.

The bankruptcy court also denied for lack of prosecution Ledesma Ventures' motion for relief from the dismissal. After six months' delay in prosecuting the motion, Ledesma Ventures admitted that its principal had not been available to work on the resolution of the litigation and that it was not immediately prepared either to proceed on the merits of the motion or to settle the action. Instead, Ledesma Ventures advised the court that it wanted to retain new counsel and wanted a further

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

continuance, without offering any assurance that Ledesma Ventures would diligently and expeditiously take the steps necessary to move the matter forward towards completion.

We AFFIRM.

**FACTS**

An order for relief was entered against involuntary debtor William F. Garlock in July 2012, and Ledesma Ventures timely filed a nondischargeability complaint against Garlock in June 2013. After the denial of Garlock's motion to dismiss, Garlock never filed an answer to the complaint. As a result, Ledesma Ventures obtained entry of default against Garlock in September 2013.

Initially, a default judgment prove-up hearing was set for October 13, 2013, at which the bankruptcy court directed Ledesma Ventures to notify the court whether it wished to proceed further and obtain a continued hearing date for the prove-up hearing. Why the court gave this direction to Ledesma Ventures is not entirely clear. Neither party provided us with a written transcript of the October 13, 2013 hearing. However, comments by counsel and the court at subsequent hearings suggest that the prove-up needed to be put over because of evidentiary gaps in Ledesma Ventures' presentation.

Close to a year elapsed, but Ledesma Ventures never notified the court as directed at the October 13, 2013 hearing. Consequently, in September 2014, the bankruptcy court entered its first order to show cause why the adversary proceeding should not be dismissed for failure to prosecute. Ledesma Ventures did not file a response to the order to show cause. It did file a one

3

sentence notice attempting to reset the default judgment prove-up for hearing on October 28, 2014, but there was no proof of service accompanying the notice.

At the October 28, 2014 hearing, the bankruptcy court pointed out the absence of a written response to the order to show cause and the absence of a proof of service of Ledesma Ventures's notice regarding the prove-up hearing.[2] Moreover, Ledesma Ventures never offered any specific explanation for the one-year delay in putting the prove-up hearing back on calendar. Ledesma Ventures noted that, on October 17, 2014, the bankruptcy court closed Garlock's bankruptcy case without granting him a discharge. But that event does not explain Ledesma Ventures's one-year delay, inasmuch as the case closure (without discharge) occurred after the delay already had occurred.

Also, it is apparent that Ledesma Ventures was not immediately prepared at the time of the prove-up hearing, as noticed, to actually conduct the default judgment prove-up. Instead, counsel for Ledesma Ventures represented that his client's principal was out of the country, and he had not yet had a chance to consult with his client's principal regarding the potential impact of the case closure (without discharge).

In spite of Ledesma Ventures' deficiencies in prosecuting the adversary proceeding, the bankruptcy court discharged the first order to show cause and, at Ledesma Ventures' request, agreed to continue the prove-up hearing because the

---

[2]Notwithstanding the absence of a proof of service, Garlock did appear at the October 28, 2014 hearing in pro per.

4

nondischargeability adversary proceeding was moot unless Garlock reopened his bankruptcy case and took the procedural steps necessary to obtain a discharge.[3]

The bankruptcy court set a continued prove-up hearing for December 11, 2014, and directed Ledesma Ventures to serve on Garlock written notice of the continued prove-up hearing and to file a certificate of service. The court obviously felt that written notice to Garlock was important. The court twice stated its service direction to Ledesma Ventures' counsel, who acknowledged the direction and said that he understood it. In addition, the docket entry for the October 28 hearing noted the continuance of the hearing to December 11, 2014, and also noted the court's direction to Ledesma Ventures that it needed to serve notice of the continued hearing on Garlock "by the end of this week."

On December 5, 2014, over one month later, having not received from Ledesma Ventures a certificate of service reflecting the required service of notice on Garlock, the bankruptcy court entered an order taking the prove-up hearing off calendar and issued its second order to show cause directing Ledesma Ventures to explain why the case should not be dismissed for lack of prosecution. As the court put it:

> Plaintiff has not complied with the court's October 28, 2014, order on the record that it serve defendant with

---

[3]Eventually, Garlock did take the steps necessary to reopen his bankruptcy case and obtain a discharge order. The bankruptcy court entered its standard form discharge order in April 2015. Of course, the discharge order was subject to Ledesma Ventures' nondischargeability adversary proceeding, which was still pending at the time the discharge order was entered.

> notice of a continued prove-up hearing . . . .
>
> Regrettably, this is the second time the court has had to order plaintiff to show cause regarding its lack of prosecution of this case. It will not do it again. The court will dismiss this adversary proceeding with prejudice for lack of prosecution unless, by December 18, 2014, plaintiff files and serves a satisfactory and convincing explanation why dismissal is not appropriate.

Order Removing Matter from Calendar and Second Order to Show Cause re Dismissal (Dec. 8, 2014) at pp. 1-2.

In response to the second order to show cause, Ledesma Ventures' counsel filed a two-page declaration in which he claimed that, because Garlock was present at the hearing, he perhaps had misunderstood the bankruptcy court and did not realize that he was required to give written notice of the continued prove-up hearing. Even though this explanation seems inadequate and unconvincing on its face, the bankruptcy court once again exercised restraint and set a continued status conference for March 27, 2015.

At the March 27, 2015 continued status conference, the bankruptcy court set a half-day prove-up hearing for May 11, 2015, and once again directed Ledesma Ventures' counsel to serve written notice of the continued prove-up hearing on Garlock.

Once again, Ledesma Ventures did not comply with the court's directions regarding service of written notice. Consequently, on May 4, 2015, the bankruptcy court entered an order dismissing the adversary proceeding for lack of prosecution. The bankruptcy court noted its two prior orders to show cause and Ledesma Ventures' unfulfilled promises to diligently prosecute the adversary proceeding. The bankruptcy court further noted that it

6

had set the default prove-up hearing for May 11, 2015, and had ordered Ledesma Ventures to serve notice of the prove-up hearing on Garlock, which Ledesma Ventures had failed to do. Based on Ledesma Ventures' repeated lack of diligence, the bankruptcy court held that dismissal for lack of prosecution was appropriate.

Ledesma Ventures timely filed a motion for relief from judgment under Rule 9024 and Civil Rule 60(b)(1). Ledesma Ventures argued that the court should excuse its lack of diligence for four reasons: (1) it was working on a proposed settlement with Garlock and, in fact, was about to request a continuance of the prove-up hearing when it received the court's dismissal order; (2) the court did not state that the adversary proceeding would be dismissed if Ledesma Ventures failed to serve written notice on Garlock; (3) its counsel claimed that he once again had misunderstood what the court had required regarding service of notice; and (4) its counsel claimed that he had been personally and professionally affected by the alleged murder of one of his clients in March 2015.

After full briefing and several aborted attempts to hold a hearing on the motion for relief, the bankruptcy court entered an order on August 25, 2015, pointing out that it was unclear whether the parties had reached an agreement in principle regarding settlement and that, if the parties confirmed to the court by no later than noon on August 27, 2015 that such an agreement in principle had been reached, then the August 28, 2015 hearing on the motion for relief would be taken off calendar. The parties apparently did so confirm their reaching an agreement

7

in principle, because the hearing was taken off calendar.

By March 1, 2016, six months later, neither party had filed anything with the court indicating that the settlement had been finalized or that the motion for relief could be dispensed with and the adversary proceeding closed. Accordingly, on that date, the bankruptcy court entered it third order to show cause against Ledesma Ventures. The order directed Ledesma Ventures to appear and file a written explanation why the motion for relief should not be denied for lack of prosecution.

Ledesma Ventures filed a two-page response to the third order to show cause. According to Ledesma Ventures, each side had prepared its own draft settlement agreement during the intervening six months but neither side had agreed to sign off on the other's version. Ledesma Ventures' counsel represented that Ledesma Ventures' principal "was not available" for several months and that, when counsel informed the principal of the court's third order to show cause, counsel was instructed to inform the court that Ledesma Ventures desired to complete the settlement but that it planned on retaining new counsel to complete the task. In other words, Ledesma Ventures' counsel advised the court that Ledesma Ventures was not prepared at that time either to finalize the settlement or to proceed with the motion for relief. Instead, Ledesma Ventures proposed either another continuance or simply discharging the order to show cause without offering any assurance of when it might be in position to move forward either with the settlement or with the motion for relief.

At the hearing on the order to show cause, Garlock was

8

represented by new counsel who advised the bankruptcy court that he personally had sent a ready-to-sign draft settlement agreement to Ledesma Ventures nine months ago, that Ledesma Ventures never responded to that draft settlement agreement, and that – when he later inquired regarding its status – Ledesma Ventures' counsel informed him that the failure to respond was "due to his client." Garlock's counsel further advised the court that, given the time which had elapsed, his client no longer was willing to settle for the terms offered nine months before. Ledesma Ventures' counsel did not challenge any of these representations, except to indicate that it had not been nine months since Garlock had sent his draft settlement agreement, but he did admit that it had been "too long" and that he never before had represented a client who "disappeared" on him.

Based on the facts as represented by both counsel, the bankruptcy court held that it would deny Ledesma Ventures' motion for relief from the adversary proceeding dismissal order. The court stated its reasoning as follows:

> I don't think – whatever the reason is, Mr. Garlock, although he has some other things to deal with, he's entitled to a fresh start. Ledesma has had time and time and time again to prosecute. I'm going to go ahead and deny the motion for relief from the order without – I won't say without prejudice; I won't say with prejudice – it's denied. If Mr. Garlock wants to remain a party to the agreement that his lawyer sent, then that's fine, and he and Ledesma can make peace. If he doesn't want to, Mr. Tyson, I suggest you notify Ledesma of your client's position on it, and we'll let nature take its course. If Ledesma wants to get new counsel and come in and try again to revive this case, so be it, but I'm not going to – this can't go on.

Hr'g Tr. (March 18, 2016) at 7:17-8:5.

The bankruptcy court entered its order denying the motion

9

for relief on March 18, 2016, and Ledesma Ventures timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I), and we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.  Did the bankruptcy court abuse its discretion when it dismissed Ledesma Ventures' adversary proceeding for lack of prosecution?

2.  Did the bankruptcy court violate Ledesma Ventures' due process rights when the court dismissed Ledesma Ventures' adversary proceeding?

3.  Did the bankruptcy court abuse its discretion when it denied Ledesma Ventures' motion for relief from the dismissal order?

## STANDARDS OF REVIEW

We review the bankruptcy court's dismissal order for an abuse of discretion. Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). We also review for abuse of discretion the bankruptcy court's denial of Ledesma Ventures's motion for relief under Civil Rule 60(b). Alonso v. Summerville (In re Summerville), 361 B.R. 133, 139 (9th Cir. BAP 2007).

The bankruptcy court abused its discretion only if it applied an incorrect legal rule or its findings of fact were illogical, implausible or without support in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We review de novo whether the procedure employed by the

10

bankruptcy court satisfied the requirements of due process. In re Summerville, 361 B.R. at 139.

## DISCUSSION

**1. Dismissal of Adversary Proceedings For Lack of Prosecution**

Bankruptcy courts have inherent authority to sua sponte dismiss adversary proceedings for lack of prosecution. See Tenorio v. Osinga (In re Osinga), 91 B.R. 893, 894 (9th Cir. BAP 1988)(citing Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986)).

Before dismissing an action for lack of prosecution under Rule 41(b) (made applicable in adversary proceedings by Rule 7041), the court typically must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See Moneymaker v. CoBEN (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994); In re Osinga, 91 B.R. at 894.

The court may dismiss for failure to prosecute even if some of the five factors are not present. See, e.g., Rio Properties, Inc. v. Rio Int'l Interlink, 284 F3d 1007, 1022 (9th Cir. 2002) (indicating that the policy in favor of a decision on the merits does not preclude imposition of dismissal against plaintiff or default judgment against defendant if other four factors support the trial court's sanction); Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) (noting that the existence of "egregious circumstances" renders it unnecessary for the trial court to consider alternative lesser sanctions);

11

Henderson, 779 F.2d at 1425 (holding that absence of prejudice not dispositive in the face of "inordinate delay"). Additionally, the trial court need not explicitly consider alternative lesser sanctions if the plaintiff was warned of the potential for dismissal or the court previously attempted alternatives to dismissal in response to the plaintiff's prior noncompliant conduct. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone, 833 F.2d at 132.

When, as here, the trial court does not explicitly consider the relevant factors, we can independently review the record to determine whether the order of dismissal was an abuse of discretion. In re Eisen, 31 F.3d at 1451; Malone, 833 F.2d at 130.

### a. Consideration of Dismissal Factors – Public Interest in Expeditious Litigation Resolution and the Court's Need to Manage its Docket

The delay resulting from Ledesma Ventures' conduct was lengthy. In assessing this delay, Ledesma Ventures would have us focus solely on its failure to serve on Garlock written notice of the May 11, 2015 default prove-up hearing. The bankruptcy court did not so limit its focus, and neither will this Panel. As a result of Ledesma Ventures' pattern and practice of failing to expeditiously prosecute the litigation and failure to serve written notices as ordered by the court, final resolution of the adversary proceeding was delayed for roughly 19 months – from the date of Ledesma Ventures' first attempt to prove-up its entitlement to a default judgment in October 2013 until the court dismissed the action in May 2015.

Moreover, the reasons Ledesma Ventures offered for the delay

12

were exceedingly weak at best and nonexistent at worst. Ledesma Ventures never really attempted to explain the one-year delay that elapsed between the initial prove-up hearing and the bankruptcy court's first order to show cause. As for Ledesma Ventures' repeated failures to comply with the court's directions regarding service, Ledesma Ventures' counsel claimed that he must have misunderstood the court's service directions. We are perplexed by this claim. We cannot conceive how such a misunderstanding could have occurred. The court repeatedly stated that written service of notice was required. In fact, Ledesma Ventures' counsel specifically acknowledged some of the court's service directions at the time the court made them. In short, to the limited extent Ledesma Ventures attempted to explain its delay and its noncompliant conduct, those explanations ring hollow.

Ledesma Ventures alternately argues that its service failures were harmless because Garlock knew about the hearings. We disagree. The bankruptcy court was concerned that Garlock – who was not represented by counsel at either the October 28, 2014 hearing or at the March 27, 2015 hearing – should be served with written notice of the subsequent prove-up hearings. And the court unequivocally and repeatedly stated that such service was required and not waived. As a result of Ledesma Ventures' service failures, the court felt compelled under the circumstances to take the prove-up hearings off calendar, which caused a significant amount of delay.

Accordingly, the public interest in expeditious litigation resolution and the court's need to manage its docket both

13

militated in favor of dismissal.

### b. Consideration of Dismissal Factors – the Risk of Prejudice to the Defendant

In the Civil Rule 41(b) context, prejudice is not weighed in a vacuum. Instead, the bankruptcy court typically must weigh the extent of and reason for the plaintiff's delay against any showing of a risk of prejudice. Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1280-81 (9th Cir. 1980). Sometimes, the Ninth Circuit has been willing to infer this risk from inordinate and unreasonable delay; at other times, it has not. Compare Morris v. Morgan Stanley & Co., 942 F.2d 648, 651 (9th Cir. 1991), with Mir v. Fosburg, 706 F.2d 916, 919, fn.2 (9th Cir. 1983); see also Henderson, 779 F.2d at 1425 (holding that the absence of prejudice is not dispositive in the face of "inordinate delay").

We think the better rule to follow in adversary proceedings arising in bankruptcy cases is that followed in Morris and Henderson. The expeditious resolution of adversary proceedings and bankruptcy cases typically is critical to achieving the cornerstone bankruptcy goal of a fresh start for the debtor.

Here, while no specific evidence of actual prejudice was set forth in the record, the relevant dismissal factor refers to the "risk" of prejudice and not to actual prejudice. It also is worth noting that the bankruptcy court, in denying Ledesma Ventures' Civil Rule 60(b) motion, indicated that the lengthy and unreasonable delay in resolving the adversary proceeding had the potential to hamper Garlock's fresh start. On this record, we agree with the bankruptcy court's finding and consider the risk

14

of hampering Garlock's fresh start sufficient to satisfy the prejudice factor for purposes of our Civil Rule 41(b) analysis.

**c.    Consideration of Dismissal Factors – the Public Policy Favoring Disposition of Cases on Their Merits**

As we noted at the outset, the public policy favoring merits decisions does not by itself preclude dismissal of a lawsuit for lack of prosecution. See <u>Rio Properties, Inc.</u>, 284 F.3d at 1022.

Here, in fact, the applicability of this public policy is attenuated, at best.  Ledesma Ventures was not seeking to proceed towards a trial on the merits.  At most, Ledesma Ventures wanted to keep the adversary proceeding alive long enough either to obtain a favorable settlement or to complete its default judgment prove-up.

In any event, in light of the other factors militating in favor of dismissal, to the extent the public policy favoring merits decisions applied here, it did not preclude the bankruptcy court from dismissing for lack of prosecution.

**d.    Consideration of Dismissal Factors – Alternative Lesser Sanctions and Warning of Dismissal**

In light of Ledesma Ventures' disregard for the bankruptcy court's service requirements, combined with the aggregate delay attributable to Ledesma Ventures, "egregious circumstances" are evident, and they rendered it unnecessary for the bankruptcy court to consider alternative lesser sanctions. See <u>In re Eisen</u>, 31 F.3d at 1454-55; <u>Malone</u>, 833 F.2d at 132.

Moreover, the trial court specifically warned Ledesma Ventures of the potential for imminent dismissal when it issued its second order to show cause.  Indeed, the potential for

15

dismissal was expressly based on Ledesma Ventures' first service failure. Thus, Ledesma Ventures cannot legitimately claim that it was taken by surprise when the court dismissed its adversary proceeding after its second service failure. Given the prior warning, it was not necessary for the bankruptcy court to have considered alternative lesser sanctions before it dismissed the adversary proceeding. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33.

### e. Consideration of Dismissal Factors – Conclusion

Other than the public policy favoring disposition of cases on their merits, all of the other dismissal factors militate in favor of dismissal. Therefore, the bankruptcy court did not abuse its discretion when it dismissed Ledesma Ventures' adversary proceeding for lack of prosecution.

## 2. Ledesma Ventures' Due Process Argument

According to Ledesma Ventures, even if the bankruptcy court did not abuse its discretion when it dismissed the adversary proceeding, the bankruptcy court violated Ledesma Ventures' due process rights. Ledesma Ventures in essence asserts that the dismissal occurred without any warning and that, as a result, it did not have a reasonable opportunity to respond to the grounds for dismissal the bankruptcy court relied upon. Due process requires that parties be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Notwithstanding its protestations to the contrary, Ledesma

16

Ventures received adequate notice of the impending dismissal when it received the bankruptcy court's second order to show cause, and Ledesma Ventures was given an opportunity to appear at the March 27, 2015 hearing to explain why its adversary proceeding should not be dismissed for lack of prosecution. It was not an absence of due process that shortly thereafter caused the court to enter its dismissal order; rather, it was Ledesma Ventures' continuing delay and continuing failure to comply with the court's service requirements.

Even if we perceived some due process deficiency in the procedures employed by the bankruptcy court leading up to the dismissal (which we do not), there is no indication of any prejudice resulting from any such deficiency. The absence of prejudice is fatal to Ledesma Ventures' due process claim. See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 776–77 (9th Cir. 2008).

**3.  Denial of Motion for Relief from Dismissal Order**

Ledesma Ventures argues on appeal that the bankruptcy court abused its discretion when it denied Ledesma Ventures's Civil Rule 60(b)(1) motion because the court did not properly consider the factors articulated in Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Ledesma Ventures' reliance on Pioneer is misplaced. The bankruptcy court never ruled on the merits of the Civil Rule 60(b)(1) motion. Instead, the court denied the motion for lack of prosecution. The bankruptcy court's third order to show cause  required Ledesma Ventures to file a response, appear at the March 18, 2016 hearing, and explain why the motion for relief

17

should not be denied for lack of prosecution. At the hearing, the bankruptcy court did not address the Pioneer factors. Instead, the court focused on Ledesma Ventures' lengthy delays in prosecuting and resolving the litigation. It further was apparent, at the time of the hearing, that Ledesma Ventures was not prepared either to proceed with settlement or to proceed with the merits of its Civil Rule 60(b)(1) motion. In fact, Ledesma Ventures effectively admitted: (1) its principal had been unavailable to address resolution of the litigation during much of the previous six months; (2) it wanted to retain new counsel before moving forward; and (3) it sought either a further continuance or a discharge of the third order to show cause without offering any sort of assurance that, for the first time in the three-year history of the lawsuit, it would diligently and expeditiously take the steps necessary to move the action forward towards resolution.

Ledesma Ventures' appeal brief does not contain any argument explaining why, on these facts, it was an abuse of discretion for the court to deny the motion for lack of prosecution, nor are we obliged to go searching for error. See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu, 626 F.3d 483, 487–88 (9th Cir. 2010); Brownfield v. City of Yakima, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010). The bankruptcy court had authority to deny Ledesma Ventures' motion for lack of prosecution. See, e.g., TKG Europe, LP v. Lehman Bros. Holdings, Inc. (In re Cent. European Indus. Dev. Co.), 2005 WL 6960169, at *4 (Mem. Dec.) (9th Cir. BAP Apr. 12, 2005) (upholding bankruptcy court's denial of abstention motion for lack of prosecution).

18

**CONCLUSION**

For the reasons set forth above, the bankruptcy court's orders dismissing the adversary proceeding and denying Ledesma Ventures relief from the dismissal are AFFIRMED.